## COGDELL v. WILMINGTON & WELDON RAILROAD CO.

(Filed June 10, 1903.)

1. EVIDENCE—*Opinion Evidence—Expert Evidence—Negligence.*

In an action to recover for personal injuries, it is not competent for a witness to testify that a plank, alleged to have been rotten, would have, if sound, held the weight of the intestate of the plaintiff.

2. NEGLIGENCE—*Presumptions—Ordinary Care—Inference—Instructions.*

Where the trial judge is requested to instruct that one who is killed is presumed to have exercised due care, it is error to refuse the same and substitute therefor the instruction that an inference arises from the instinct of self-preservation that the person killed used due care.

3. PLEADINGS—*Contributory Negligence.*

Where an answer alleges that the death of the intestate was caused by his own negligence and not by any negligence of the defendant, such allegation is not a sufficient plea of contributory negligence.

PETITION to rehear this case, reported in 130 N. C., 313. Petition allowed.

*Charles F. Warren,* for the petitioner.
*Small & McLean,* in opposition.

WALKER, J. This case is before us the third time, upon a petition to rehear and revise the former judgment of this court, rendered at February term, 1902, affirming the judgment of the court below, which was adverse to the plaintiff. The case is reported in 124 N. C., 302, and 130 N. C., 313.

We think it is necessary to refer to only three of the exceptions taken by the plaintiff at the trial. The plaintiff proposed to ask a witness the following question: "If this plank on the apron had been sound and not cedar-hearted or rotten, could a man of Cogdell's weight and size have stood on it with safety and thrown off the lump coal or fallen on it

from the top of the car, without its breaking under him?" Defendant objected to this question, the objection was sustained and plaintiff excepted.

We do not think that this matter is the subject of expert or opinion evidence. The witness could well have described the plank and its condition and the jury would then have been just as competent to form an opinion as to its strength and safety as the witness. The conclusion reached by the court at the last term upon this question was correct, for the reasons stated in the opinion of the court.

The plaintiff in apt time requested the court to charge the jury that "The law presumes that a person found dead and killed by alleged negligence of another has exercised due care himself." The court refused to give this instruction and charged the jury in its stead, that "an inference arises from the instinct of self preservation that the person killed has exercised due care himself." We are of the opinion that the court erred in refusing to give the instruction as prayed for by the plaintiff and in substituting therefor the instruction which it did give with reference to this matter. It is well settled that the court is not required to charge the jury in the very words of a prayer for instruction, but if the prayer contains a correct statement of the law as applicable to the facts of the case, the court must give it at least substantially and cannot substitute an instruction of its own for it, if thereby the instruction as requested to be given is weakened or diminished in its force. While the court is not required to use the words of the prayer it must not change the substance of it in a way calculated to impair its force. The law does not regard the form, but even the form should not be so modified as to impart to the instruction less weight than it would have with the jury if given as it was submitted to the court, provided always that the instruction, as asked, is in itself correct with reference to the case presented by the

proof.   In the case now under consideration the court was requested to charge that there was a presumption that the deceased had exercised care, which the court refused to give, but charged the jury that there was an inference that due care was exercised.   It is undoubtedly true that the law raises a presumption of care and the party against whom it is raised must overcome it by proof of facts inconsistent with the fact presumed.   The presumption has a technical force of weight and the jury, in the absence of sufficient proof to overcome it, should find according to the presumption, but in the case of a mere inference there is no technical force attached to it. The jury, in the case of an inference, are at liberty to find the ultimate fact one way or the other as they may be impressed by the testimony.   In the one case the law draws a conclusion from the state of the pleadings and evidence and in the other case the jury draw it.   An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and can not be disregarded by the jury.   In *Johnson v. Chambers,* 37 N. C., 292, Pearson, J., distinguishes between a presumption and inference. "Malice," says he, "may, in some cases, be inferred from the want of probable cause, but the law makes no such presumption.   It is a mere inference of fact, which the jury may or may not make, and it should have been left to them."   We do not think the charge given by the court in response to this prayer of the plaintiff was the full equivalent even in substance of the latter, and, as we have seen, it must be so to justify the court in changing the form of the instruction. When the court refused to give the instruction, as plaintiff requested it to be given, and substitute that which was given, the jury might well have inferred that the court was of the opinion that the prayer for instruction was too strongly worded and that the inference was to be drawn by them and that it was not obligatory upon them to infer the fact of care

on the part of the intestate.   In the case of *Bragaw v. Supreme Lodge,* 124 N. C., 154, the court recognizes the legal difference between a presumption and an inference.   The court had charged the jury that if a notice was correctly addressed and deposited in the postoffice the law presumes that it was received and, therefore, had been duly served, but afterwards the court left it to the jury to decide as an open question of fact or as an inference to be drawn from the evidence whether the notice had been served or not.   This court held that it was error to have thus weakened the force of the presumption.

The plaintiff objected to the submission of the issue as to contributory negligence and we think the objection should have been sustained.   It is alleged in the answer that the intestate's death was not caused by any negligence of the defendant, but by his own negligence.   This is not a sufficient statement of the defense of contributory negligence.   Indeed, it is not a statement of contributory negligence at all, for the law, when contributory negligence exists, pre-supposes the negligence of the defendant, which is denied in the answer in this case.   The answer in this respect did not state any matter which could not have been considered under the first issue.   What is said in the answer is nothing more than an averment that there was no negligence on the part of the defendant and that the intestate's death was caused solely by his own negligence.   If a pleading is defective in statement, the defect will be waived unless the opposing party demurs to the pleading for that reason.   Where there is any uncertainty or indefiniteness in the statement, the court will order the pleading to be made certain and definite on motion, if made in apt time.   This is not a case of defective or indefinite statement, but an entire failure to plead the defensive matter.   The court may, and no doubt will, permit an amendment of the answer in this respect if the defendant desires it.

There must be a new trial, because of the errors pointed out.

Petition Allowed.