# American Oak Leather Co. *v.* Atwood.

*Injury to Property.*

(Decided December 17, 1914.   67 South. 663.)

1. *Master and Servant; Injury to Another by Employee; Relationship.*—Where the action was for negligence for running a steamboat against and damaging a gasoline boat belonging to plaintiff, and there was evidence that when the company, shortly after the accident, was called upon for reparation, it denied any negligence in the operation of the boat or barge, and a third person, who operated the steamboat carrying the barge, testified that he operated it under a lease from the company on his own account, the question of the company's liability on the theory that such third person operated the boat as the employee of the company was for the jury.

2. *Collision; Pleading; Issue and Variance.*—In an action for damages to a gasoline boat, a plea that plaintiff was negligent in leaving his boat where it lay before the accident, was not supported by proof that plaintiff's agent, who was keeping plaintiff's boat, requested Wright to have his steamboat move the barge, also in his charge, which lay between plaintiff's boat and some railroad cars upon a track, and that plaintiff was responsible for Wright's negligent execution of the request.

[American Oak Leather Co. v. Atwood.]

3. *Same; Damages.*—Evidence of the value of the gasoline boat before and after the accident, was competent on the measure of damages to the boat, alleged to have been damaged by a collision.

4. *Same.*—Where plaintiff did not testify what the repairs of the gasoline boat had cost him, nor what they were reasonably worth, but stated the value of the boat before and after the accident, a question to him as to what repairs were necessary was not incompetent, and did not call for inadmissible evidence; and any error in permitting such question was not prejudicial to defendant.

5. *Evidence; Opinion.*—Where plaintiff showed that defendant negligently loaded cars located on a wet and inclined track, without tightening the brakes thereon, it was competent to permit witnesses, who had seen such operations, to testify that to load cars in such a situation had a tendency to loosen or release the brakes and permit the cars to run down the incline.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by A. L. Atwood against the American Oak Leather Company for damages to a gasoline boat. Judgment for plaintiff, and defendant appeals to the Court of Appeals, and the case was transferred to the Supreme Court under the act creating the Court of Appeals. Affirmed.

O. KYLE, for appellant.

JOHN B. TALLEY, for appellee.

SAYRE, J.—Plaintiff in the court below, appellee here, declared against defendant in most general terms, alleging that defendant through its servants or agents negligently ran a barge against and caused damage to plaintiff's gasoline boat. The main question is whether defendant was entitled to the general affirmative charge which it requested.

(1) One Rike was the captain in charge of a steamboat known as "Decatur No. 1," and the operation of that steamboat, according to plaintiff's contention, was responsible for the damage to plaintiff's boat, or yacht,.

as it is called by some of the witnesses. There was dispute as to whether Rike was at the time operating the steamboat for defendant, or whether, as Rike testified, he was operating it under a lease from defendant and on his own account. Defendant, when called upon by plaintiff for reparation shortly after the accident, and when, if Rike's testimony, were true, it would likely have denied responsibility for Rike's conduct in any event, responded, not in the way of such denial, but denying, in substance and on the authority of information received from Rike, that there had been any negligence in the operation of the steamboat. From this the jury may have logically inferred, as against defendant, that Rike was at the time in charge of the steamboat as defendant's agent. Defendant argues that there is no office for inference where facts appear, citing authorities which lay down the proposition in effect that presumptions are only indulged to supply the absence of evidence, and are never allowed against established facts. A presumption of that sort is a maxim of law which must be observed in reasoning from the known to the unknown. But in the case of an inference the triers of fact are at liberty to find the ultimate fact in dispute one way or the other as they may be impressed by the evidence.—*Codgell v. Railroad Co.*, 132 N. C. 852, 44 S. E. 618. Defendant's argument assumes the uncontroverted truth of Rike's testimony; but that testimony was contradicted by inference of fact deducible from defendant's response to the claim for damages. The question at issue was a question of fact, and it was for the jury to resolve the conflict.

(2) Defendant insists that it should have had the general charge on another ground: That there was undisputed proof of contributory negligence on the part of plaintiff's agent in charge of his boat or yacht. The

[American Oak Leather Co. v. Atwood.]

plea on which this contention is based was insufficient as a plea of contributory negligence. It did, however, deny defendant's negligence, and its sufficiency as a defense in some sort was not questioned by demurrer. It seems to be conceded that the defense as pleaded, to wit, that plaintiff was negligent in leaving his boat where it lay before the accident, was not proved; but the defense now offered in argument seems to proceed upon the ground that plaintiff's agent, Mayo, who had the keeping of plaintiff's boat, requested Rike to have his steamboat move the barge, also in his charge, which lay between plaintiff's boat and some railroad cars upon a track that inclined toward the water, and that plaintiff was responsible for Rike's negligent execution of the request. Other considerations aside, neither the argument nor the evidence follow the plea, and defend·ant can take nothing by it.

(3) Fairly interpreted, plaintiff's evidence tended to show the value of his boat before and after it had been injured in the accident. This evidence was competent to establish the measure of plaintiff's damages, and was admitted without error.—*Central of Georgia Ry. Co. v. Barnett,* 151 Ala. 407, 44 South. 392.

(4, 5) There was no error in allowing the plaintiff to answer the question, "What repairs did you have done to it, in order to use it?" The form of the question indicated a purpose to elicit testimony in respect of repairs necessary in order to put the boat in fit repair for use. The witness did not state what the repairs had cost him, nor what they were reasonably worth. That was left to be inferred from his statement of the value of the boat before and after the injury done it. If the evidence was not altogether satisfactory, we are unable to see how it was incompetent, illegal, or inadmissible, as defendant objected it was,

or how we can say it prejudicially affected defendant's case.

(6) Plaintiff's case, in one aspect, was that defendant's agent was negligent in loading the cars upon the wet and inclined track without tightening the brakes. We think it was permissible to have witnesses who had seen such operations to say that to load cars in such a situation had a tendency to loosen or release the brakes. In the situation there, which was open to casual observation, to release or loosen the brakes on the cars would necessarily cause them to run down the incline and do damage to whatever might receive the force of their impact.

We think it unnecessary to proceed further in the statement of our opinion concerning the several assignments of error. Perhaps we have already said more than the merits of the appeal demand. We have found no error in the record, and the judgment below will be affirmed.

Affirmed.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.