WILSON GREENE ET AL. v. MRS. SALLIE GREENE LYLES ET AL.

(Filed 16 April, 1924.)

**Appeal and Error—Rehearing—Briefs—Rule of Court—Waiver—Judgments.**

A petition to rehear in the Supreme Court will be denied when founded upon the ground that a certain question was not mentioned in the opinion, when it had not been discussed in movant's brief according to Rule 28, and he has not appealed from the judgment.

PETITION by appellees to rehear this case, decided 19 March, 1924, and reported *ante,* 422.

*William H. & Thomas Ruffin for petitioners.*
*B. L. Fentress and Roberson, Jerome & Haworth for appellants.*

STACY, J. The petition to rehear was submitted to the Court in conference by the Justices to whom it was referred. *Cooper v. Comrs.,* 184 N. C., 615.

The petition is not based on any allegation of error in the opinion as filed, but upon the ground that exception No. 2, noted on the record, was not considered or dealt with in the opinion of the Court. This exception was to that portion of the judgment directing a sale of the land through a commissioner. See *Tayloe v. Carrow,* 156 N. C., 6, and *Ledbetter v. Pinner,* 120 N. C., 455.

The exception was not mentioned in the opinion because it was not brought forward in appellant's brief, and was therefore abandoned by her. "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Rule 28, 185 N. C., p. 798. The appeal presented no objection to that portion of the judgment directing a sale of the land.

But in no event would the appellees be entitled to have this exception considered by filing a petition to rehear. They did not appeal from the judgment, and the appellant abandoned the exception relating to the order of sale. Error having been found in the judgment below, the case goes back for judgment in accordance with the opinion as certified to the Superior Court.

The petition must be denied.