GEORGE ROUNTREE, Jr., ADMINISTRATOR OF HOWARD BROWN, DECEASED,
v. W. G. FOUNTAIN.

(Filed 26 October, 1932.)

1. **Negligence A a—Elements of actionable negligence.**

   The essential elements of actionable negligence are the failure to use
   due care, injury or damage, and proximate cause, and upon the plaintiff's
   failure to establish any one of them a judgment of nonsuit is correct.

2. **Trial D a—Upon motion of nonsuit evidence is to be considered in
   light most favorable to plaintiff.**

   Upon a motion of nonsuit the sufficiency of the evidence is a question
   of law, and in passing upon the question the courts must give the plaintiff
   the benefit of the most favorable interpretation of the evidence and of
   every reasonable inference.

3. **Negligence D c—Evidence in this action held insufficient to resist de-
   fendant's motion of nonsuit.**

   Where in an action to recover for the negligent killing of plaintiff's
   intestate the evidence tends to show that the intestate was a child of
   about four years and lived with its mother in a house next but one to a
   store, that for a number of years it had been the custom for the defendant
   to deliver oil to the store by backing his truck up the alley between the
   two houses, and that the intestate was seen playing under a tree in a
   yard sometime before the accident, and was found mortally injured after
   being struck by defendant's truck as the truck driver was backing up the
   alley according to custom, and there is no evidence of how long the child
   had been in the alley and nothing to show that the child had not rushed
   into the alley immediately in front of the truck: *Held*, the evidence is in-
   sufficient to be submitted to the jury on the issue of negligence in the
   driver's failure to give proper warning or in backing the truck up the
   alley instead of driving forward, or his failure to keep a proper lookout,
   or the negligence of the owner of the truck in failing to keep the mirror
   in the truck in repair, the evidence failing to show a causal connection
   between the alleged negligence and the injury in suit.

APPEAL by plaintiff from *Grady, J.,* at May Term, 1932, of NEW
HANOVER. Affirmed.

*Herbert McClammy for plaintiff.*
*Robert W. Davis and Robert D. Cronly, Jr., for defendant.*

ADAMS, J. This is an action to recover damages for the death of the
plaintiff's intestate, alleged to have been caused by the negligent opera-
tion of the defendant's truck. When the plaintiff rested his case the
court granted the defendant's motion for nonsuit, and for this reason
a statement of the material facts is essential to a presentation of the
appellant's exceptions.

The death occurred in the town of Southport, Brunswick County, in
an alley the outlet of which is on West Street. At the northwest corner

of the intersection of West and Horne streets there is a store which was occupied by C. J. Williamson. Mrs. Southerland lived in a house situated on a part of the Williamson lot and facing on Howe Street. Between her residence and the Williamson store there was an unoccupied space about twenty-five feet in width, and immediately west of these lots is the one on which the deceased lived with his mother and stepfather. There is a twelve-foot alley between this lot and the lots ,occupied by Williamson and Mrs. Southerland, and in the alley there is an intake valve through which oil is transferred from the tank on the truck to the tank in the store. For four or five years the defendant has periodically delivered oil to Williamson in this way, and for eight or ten years Williamson has·used the alley for this purpose. There was no objection to his using it. Mrs. Etherton, mother of the deceased, rented the house in which she lived together with the alley and a garage situated at its north end. She testified that the deceased, Howard Brown, born of her first marriage, would have been four years old in November, 1931, and that he was killed in the preceding September.

On the morning of the accident he went across the alley to the home of Mrs. Southerland. She gave him a small box, left him in her yard picking up berries under a magnolia tree, and went across the street. A few minutes afterwards a man named Bender, an employee of the defendant, backed a gasoline or oil truck into the alley, suddenly left the truck, and went to the owner of the store and exclaimed, "Come here, I have killed a child." The body was found about three feet from the sidewalk and about the same distance from the store. Blood· was on the sand; nearby was the box. There were bruises on the child's body and his nose was bleeding. The cause of his death was a fracture of the skull.

The plaintiff charges as the principal acts of negligence the defendant's failure (1) to give reasonable warning when backing the truck into the alley, (2) to keep a proper lookout, (3) to keep the mirror in the truck in repair, and (4) to drive instead of backing the truck into the alley.

Negligence is the breach of a legal duty to use due care. The essential elements of actionable negligence are the failure to exercise such care, injury or damage, and proximate cause. If there is sufficient proof of all these elements there is error in the judgment; if the evidence fails to establish either one of them the judgment must be affirmed. Whether there is enough evidence to support a material issue is a matter of law; and in passing upon the question of its sufficiency we must give the plaintiff the benefit of the most favorable interpretation of the evidence and of every reasonable inference. *Hancock v. Southgate,* 186 N. C.,

278; *Tinsley v. Winston-Salem,* 192 N. C., 597; *Brock v. Franck,* 194 N. C., 346.

Mrs. Etherton testified that she kept her car in the garage at the end of the alley, and Williamson said that backing the truck into the alley was the usual mode of delivering oil and "had been going on for eight or ten years." The plaintiff argues that a jury might reasonably infer that the defendant's employee knew the alley was frequently used by Williamson and by the owner or the lessee of the property; that the driver gave no signal either before or at the time he entered the alley; that it was his duty to look to the rear not only before he began backing but while he was engaged in the act; that the truck was so large and the mirror so defective that the driver could not see the child; and that the evidence would justify a finding of negligence.

The defendant denies that he was negligent and says that the utmost care could not have averted the injury, as there is no evidence that the deceased was in the alley even a moment before the accident occurred.

No one saw the deceased in the alley at any time before the impact. How long he had been there no one knows. There is no evidence he was there when the truck began to move backward. When last seen alone he was on the Southerland lot. When did he leave the magnolia tree? Had he been in the alley long enough for the driver to see him and avert the injury or did he at the fatal moment rush into the alley immediately in front of the advancing truck? The witnesses do not inform us, and at this point the plaintiff's case fails him. In the absence of evidence we cannot conclude that the deceased went into the alley at any particular time. Negligence is not presumed from the mere fact that he was killed; something more is required. The plaintiff had the burden of establishing the proximate causal relation of the alleged negligence to the injury and death, and in his search for it he is led into the uncertain realm of conjecture. *Henry v. R. R., ante,* 277; *Austin v. R. R.,* 197 N. C., 319. Judgment

Affirmed.