GLADYS MARIE TATEM v. WALLACE TATEM.

(Filed 27 February, 1957.)

**Automobiles § 41b—**

Evidence tending to show that a guest in a car had remonstrated with the driver as to speed, that the driver had just passed a highway sign indicating he was approaching a winding road, and that as he entered a curve to his left, he swerved over to the right and went off the road on the right side into a swamp, resulting in personal injury to the guest, *is held* sufficient to take the case to the jury on the question of actionable negligence. G.S. 20-140.

APPEAL by defendant from *Bone, J.,* and a jury, at December Term, 1956, of PASQUOTANK.

Civil action in tort by plaintiff wife against her husband to recover damages for personal injuries sustained in an automobile wreck.

Issues of negligence and damages were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict awarding plaintiff $5,451 in damages, the defendant appeals.

*LeRoy & Goodwin for defendant, appellant.*
*Killian Barwick and John H. Hall for plaintiff, appellee.*

JOHNSON, J. The single question presented for decision is whether the evidence favorable to the plaintiff was sufficient to carry the case to the jury on the issue of actionable negligence. The plaintiff was a passenger in an automobile driven by her husband. They were travel-

ing on a winding hard-surfaced road through a swamp in Pasquotank County. It was in the nighttime. The car crossed the pavement and shoulder to its right, ran off the side of the embankment down into the swamp, and overturned after traveling about 90 feet from where it left the road. The plaintiff sustained substantial injuries, necessitating the amputation of her right arm between the elbow and shoulder.

Before reaching the curve where the wreck occurred, the defendant had passed a highway sign indicating he was approaching a winding road with zigzag curves. The curve where the wreck occurred was to the driver's left. The defendant was driving on the left side of the road as he entered the curve. The pavement was 16 feet wide. The plaintiff testified: "As we went around the curve the car swerved over to the right and went off the road on the right hand side. It went over in the swamp. It did not skid or hit any bump in the road. The road was smooth. I . . . did not feel any brake being applied."

The defendant had just previously gone around one curve and the plaintiff had remonstrated with him about the speed he was making. He replied: "I am driving this car," and he did not slow down. Instead he continued on at the same speed, 40 to 45 miles per hour, until he ran off the side of the road.

From the foregoing evidence it is inferable that the defendant in rounding the curve failed to exercise due care to maintain a proper lookout and to keep his car under control, and that he was driving recklessly in violation of G.S. 20-140. The evidence was sufficient to carry the case to the jury on the issue of actionable negligence. Decision here is controlled by the principles explained and applied in *Etheridge v. Etheridge*, 222 N.C. 616, 24 S.E. 2d 477, and *Boone v. Matheny*, 224 N.C. 250, 29 S.E. 2d 687. See also *King v. Pope*, 202 N.C. 554, 163 S.E. 447.

No error.