JAMES LEONARD McFALLS v. CLARA LEE SMITH and ROY LEE SMITH

(Filed 29 October, 1958.)

1. **Trial § 19—**
   Whether the evidence is sufficient to be submitted to the jury is a question of law for the court.

2. **Negligence § 19b(1)—**
   If the evidence in the light most favorable to the plaintiff, giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive motion to nonsuit, or demurrer to the evidence.

3. **Automobiles § 42h—**
   Plaintiff's allegations and evidence which are sufficient to support the inferences that plaintiff, at a time when the lights of motor vehicles

were required to be shining, gave the proper signal for a left turn, looked for and did not see the lights of any other vehicles which could be affected by his movement, and that defendant, failing to give warning of his intention to pass, crashed into the left side of plaintiff's vehicle as it was making the turn, *is held* sufficient to be submitted to the jury on the issue of negligence.

**4. Trial § 22c—**

Equivocation in the evidence goes to its weight only and does not warrant nonsuit.

PARKER, J., not sitting.

APPEAL by plaintiff from *Huskins, J.*, July, 1958 Term, MITCHELL Superior Court.

Civil action to recover for personal injury and property damage alleged to have been caused by defendants' actionable negligence. The defendants denied negligence, pleaded sole and contributory negligence on the part of the plaintiff, and set up a counterclaim. At the close of the plaintiff's evidence the court, on motion of the defendants, entered judgment of compulsory nonsuit from which the plaintiff appealed.

*G. D. Bailey and W. E. Anglin for plaintiff, appellant.*

*Williams and Williams, By: William C. Morris, Jr., and James N. Golding for defendants, appellees.*

HIGGINS, J. The only question presented by the appeal is the sufficiency of the evidence to go to the jury. The question is one of law, always to be decided by the court. *Ward v. Smith*, 223 N.C. 141, 25 S.E. 2d 463. If the evidence in the light most favorable to the plaintiff, giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive the motion to nonsuit, or demurrer to the evidence. *Chambers v. Edney*, 247 N.C. 165, 100 S.E. 2d 343; *High v. R.R.*, 248 N.C. 414, 103 S.E. 2d 498; *Simmons v. Rogers*, 247 N.C. 340, 100 S.E. 2d 849.

Plaintiff's testimony tended to show that on January 26, 1958, he was driving a pickup truck south on Highway 26 in Mitchell County at around 5:45 p. m. "It was not completely dark and it was not light. . . . I couldn't travel without headlights." Intending to turn left on Hall Town Road, he gave the required hand signal for about the last 100 feet as he approached the intersection. He looked in his rear view mirror for traffic approaching from his rear. "I did not see lights behind me, nor ahead of me. I looked in the rear view mirror some more." The plaintiff's evidence further tended to show the road was straight to the north for more than three miles; and that as he was making the left turn the defendant Roy Lee Smith's car, driven

south by the defendant Clara Lee Smith, approached from his rear, and without any warning crashed into the left side of his pickup truck, inflicting personal injury to the plaintiff and damage to the truck. The inference is permissible the defendant Clara Lee Smith was driving without lights, else he could have seen them in his mirror; that she failed to observe and heed plaintiff's signal that he intended to make a left turn; and that she did not give a timely signal of her intention to pass.

It may be noted the complaint only by indirection alleges driving without lights as an element of negligence. The plaintiff, driving along the highway in the nighttime, was entitled to the notice the lights of a car approaching from the rear would give him in determining whether he could turn in safety. It must be noted also the evidence is not without some equivocation. However, that goes to its weight, which is for the jury. *Ward v. Smith*, 223 N.C. 141, 25 S.E. 2d 463.

The plaintiff, on the showing made, was entitled to present his case to the jury.

Reversed.

PARKER, J., not sitting.