CHARLES M. IVEY, JR., ADMINISTRATOR OF THE ESTATE OF JOHN W. HADNOT v. CLYDE T. ROLLINS, ADMINISTRATOR OF THE ESTATE OF LUKE R. HADNOT, JR.

(Filed 2 December, 1959.)

**1. Appeal and Error § 53—**
　　A petition to rehear addressed solely to the question which was argued and fully considered by the court on the former hearing will be dismissed.

PETITION by Charles M. Ivey, Jr., administrator of the estate of John W. Hadnot, to rehear this case, reported in 250 N.C. 89, 108 S. E. 2d 63.

*McLendon, Brim, Holderness & Brooks; L. P. McLendon, Jr.; C. T. Leonard, Jr. for petitioner.*
*Smith, Moore, Smith, Schell & Hunter for respondent.*

PER CURIAM. A petition to rehear was submitted to the Court in Conference by the Justices to whom it was referred. *Greene v. Lyles,* 187 N.C. 598, 122 S.E. 297.

· The petition to rehear is based on the failure of the Court to apply the doctrine of *res ipsa loquitor* to the facts in the case. No other question is raised.

Under our decisions, the doctrine of *res ipsa loquitor* is not applicable in this case. *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411; *Pemberton v. Lewis,* 235 N.C. 188, 69 S.E. 2d 512; *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477; *Springs v. Doll,* 197 N.C. 240, 148 S.E. 251.

"Generally, a defendant's negligence will not be presumed from the

mere happening of an accident, but, on the contrary, in the absence of evidence on the question, freedom from negligence will be presumed." *Etheridge v. Etheridge, supra; Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381.

The question as to whether or not the doctrine of *res ipsa loquitor* applied to the facts in this case having been argued by counsel for the appellant and fully considered by the Court on the former hearing, the Court will not disturb its judgment. *Weston v. Lumber Co.,* 168 N.C. 98, 83 S.E. 693.

The petition to rehear is therefore dismissed.

Petition dismissed.