HAZEL M. LANE v. JESSIE L. DORNEY, EXECUTRIX OF THE ESTATE OF HERBERT G. DORNEY, DECEASED
AND
V. WILTON LANE, ADMINISTRATOR OF THE ESTATE OF HERBERT S. LANE, DECEASED v. JESSIE L. DORNEY, EXECUTRIX OF THE ESTATE OF HERBERT G. DORNEY, DECEASED.

(Filed 2 March, 1960.)

**1. Automobiles § 36—**

The doctrine of *res ipsa loquitur* is not applicable upon a mere showing of the wreck of an automobile on the highway, but evidence that the driver ran off the road to the right while attempting to negotiate a long curve to the left, with further evidence, physical or direct, tending to show that this was the result of the failure of the driver to exercise due care to maintain a proper lookout and to keep his car under control, may raise an inference of negligence sufficient to take the issue to the jury.

**2. Appeal and Error § 53—**

Petition to rehear the prior decision of the court sustaining judgment of nonsuit allowed in this case for error of law, it appearing that the physical facts and the oral testimony were sufficient to permit an inference of negligence and to take the issue to the jury.

**3. Negligence § 24a—**

Nonsuit is proper in an action to recover for negligence only if the evidence is free from material conflict and the only reasonable inference to be drawn therefrom is that there was no negligence on the part of the defendant or that the negligence of the defendant was not the proximate cause of the injury.

**4. Automobiles § 41b— Evidence held sufficient to support inference that driver failed to exercise due care to maintain a proper lookout and keep his car under control.**

Evidence tending to show that the driver of an automobile while attempting to negotiate a long curve to the left ran off the right side of the highway, hit an embankment and overturned, together with evidence of a tire mark leading off the road from the edge of the pavement and that the tire mark was made by this car, that the road was hardsurfaced, dry and free of defects, that no other vehicles were on the highway at the time and place of the accident, with further testimony of a passenger in the car that the driver was in good health and the vehicle in good mechanical condition, that the driver and the front seat passenger were talking, and that nothing unusual occurred before the wreck, *is held* sufficient to permit an inference that the wreck was the result of the driver's failure to maintain a proper lookout and keep his car under control, and therefore judgment as of nonsuit was improperly entered.

**5. Negligence § 24a—**

Negligence need not be established by direct and positive evidence,

---

LANE v. DORNEY.

---

but may be established by circumstantial evidence, either alone or in combination with direct evidence.

**6. Automobiles §§ 39, 41a—**

Physical facts at the scene of the accident may be sufficiently strong within themselves, or in combination with other evidence, to permit the legitimate inference of negligence on the part of the driver.

DENNY, J., concurring in part and dissenting in part.

WINBORNE, C. J., and MOORE, J., concur in the opinion of DENNY, J.

On petition by plaintiffs to rehear decision in 250 N.C. 15, 108 S.E. 2d 55.

*McLendon, Brim, Holderness & Brooks By: L. P. McLendon, Jr., C. T. Leonard, Jr., for plaintiffs, appellants.*

*Jordan, Wright, Henson & Nichols, William D. Caffrey, and Wharton & Wharton, for defendant, respondent.*

HIGGINS, J. Pursuant to the petition and order entered by the two Justices to whom it was referred, the cases were reheard by the full Court. The parties filed new briefs and made extended oral arguments. The petition presents the questions whether the Court, in the original decision, committed errors of law in sustaining the judgment of nonsuit (1) by refusing to apply the rule *res ipsa loquitur,* and (2) by overlooking "the physical facts and direct testimony in the record . . . sufficient to raise an inference of negligence."

The cases are now before us for our determination whether error of law was committed either in holding *res ipsa loquitur* inapplicable, or the evidence of actionable negligence insufficient to go to the jury.

Is *res ipsa loquitur* applicable? The expression means the thing (or the transaction) speaks for itself. Its foundation is inference from facts and is based on probabilities. The classic example is a train collision. The showing of a collision and injury permits an inference of negligence on the part of the railroad. This is so for the sound reason the railroad is in exclusive possession of and is responsible for the condition of the road, for the equipment, and for the operation of all trains. If a collision occurs, the probability is, and it is fair to assume it resulted from the negligence of some company agent.

For a reason equally sound, negligence should not be presumed from the mere showing a driver's automobile wrecked on the highway. A driver is neither responsible for the condition of the road nor for the traffic on it. Consequently many combinations of acts, conditions, and circumstances for which the driver may not be responsible, have,

or may have, controlling influence in causing accidents. A tire may blow. The vehicle may skid. Mechanical defects may develop. The driver may have a sudden seizure. He may be confronted by sudden emergencies for which he is not responsible. Another vehicle may force him off the road. As a prerequisite to the presumption of driver responsibility, some evidence, physical, direct, or a combination of both, should be offered that other probable causes were absent, leaving the fair inference the accident resulted from the driver's negligence.

Petitioners cite *Etheridge v. Etheridge*, 222 N.C. 616, 24 S.E. 2d 477, as holding *res ipsa loquitur* applicable. On the contrary, the case held the plaintiff had offered evidence tending to support his allegations that the defendant operated "a motor vehicle without due caution and circumspection . . . in a manner so as to endanger . . . person or property . . . at a speed greater than is reasonable and prudent under the conditions then existing." *Etheridge* is not authority for holding that evidence of an accident and injury makes out a case for the jury.

The members of the Court are in agreement that *res ipsa loquitur* is not applicable to these cases. The former decision to that effect was correct, and is approved. However, there is disagreement as to whether the evidence offered made out a case for the jury. This presents a question of law. *McFalls v. Smith*, 249 N.C. 123, 105 S.E. 2d 297; *Ward v. Smith*, 223 N.C. 141, 25 S.E. 2d 463.

The respondent insists the petition should be dismissed for that all the evidence was before the Court on the original hearing and that nothing was overlooked; that the evidence left the cause of the accident in the realm of speculation. This view is illustrated by the following quotations from the original opinion: "Just what happened to bring about the 'great impact' . . . is pure guesswork. . . . Further it is noted that in the case in hand the evidence discloses nothing except that there was an unexplained and mysterious upset of the car being driven by the testator of the defendant. He died in the accident. Thus the record leaves the case wholly in the area of speculation and conjecture."

The petitioners admit the majority opinion did not overlook the words of the witnesses. However, they contend that the above quotations show the Court did overlook the legal effect; that when the physical facts and the oral testimony are analyzed they present a case for the jury. *Boone v. Matheny*, 224 N.C. 250, 29 S.E. 2d 687.

Squarely before us, therefore, is the question whether the evidence was sufficient to survive the motion for nonsuit and to require a jury trial. "The rule applicable in cases of this kind is that if diverse in-

ferences may reasonably be drawn, some favorable to the plaintiff and others to the defendant, the cause should be submitted to the jury. . . ." *Stacy, C. J.,* in *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793. . . . "We must be guided by the accepted rule that the question of the liability of a defendant in an action for negligence can be taken from the jury and determined by the court as a matter of law by an involuntary nonsuit only in case the evidence is free from material conflict, and the only reasonable inference to be drawn therefrom is either that there was no negligence on the part of the defendant, or that the negligence of the defendant was not the proximate cause of the plaintiff's injury." *Ervin, J.,* in *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377. . . . "A nonsuit on the issue of negligence should not be allowed unless the evidence is free from material conflict and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of the defendant, or that his negligence was not the proximate cause of the injury." *Denny, J.,* in *Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762.

The testimony presented by the plaintiffs disclosed that Mr. Dorney was driving the car from Greensboro to High Point in the nighttime. He was "perfectly well." His vehicle was in good mechanical condition. The traveled portion of the highway was hard surfaced, 18 feet wide with dirt shoulders three feet wide. The surface was dry and free of defects. No other travelers were using the highway at the time and place of the accident. The vehicle, with Mr. Dorney at the wheel, going downhill on a long, sweeping curve to the left, failed to make the curve, ran off the road to the right over an embankment, apparently jumped a stream, landed on its top, "completely demolished." On the right shoulder the investigating officer discovered a tire mark. "The nature of the tire mark was an indenture in the shoulder of the road leading off from the edge of the pavement over to the steps." The steps leading down from the level of the road to the level of the stream were concrete, with concrete side walls. The tire mark, the steps, and the wrecked vehicle were all on the right-hand side of the Greensboro to High Point road. There was no evidence as to any other tire marks on the dirt shoulder or any evidence to suggest the vehicle may have left the road at any place other than as indicated by the tire mark described by the officer.

Mrs. Dorney was in the car with her husband and Mr. and Mrs. Lane. Mr. Dorney and Mr. Lane were talking. "I was not conscious of anything unusual happening on the road before this car was involved in this crash. I do not know whether there was any skidding of the car before the crash. I was conscious of none. I was not con-

scious of any swerving while it was on the paved portion of the road. I was not conscious of the car hitting anything in the road or anything of that sort." There was no evidence of a blowout, of blinding lights, of skidding, or of mechanical defects, or of negligence on the part of another traveler. Thus Mrs. Dorney's evidence, though somewhat negative, nevertheless tends to remove everything that might have influenced the movement of the car, causing it to leave the road, save and except the hands of the man at the wheel. We may assume the wife saw her husband's acts and conduct in the light not unfavorable to him, and yet she saw nothing that would tend to excuse the driver's failure to keep the vehicle on the road. Why Mr. Dorney drove off the road may be "guesswork," but the fact remains he was at the wheel and in control of the vehicle when it left the road. His wife could offer nothing by way of excuse. "What occurred immediately prior to and at the moment of impact may be established by circumstantial evidence, either alone or in combination with direct evidence." *Kirkman v. Baucom*, 246 N.C. 510, 98 S.E. 2d 922. "Evidence of actionable negligence need not be direct and positive. Circumstantial evidence is sufficient, either alone or in combination with direct evidence." *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411.

Physical facts tell their own story. They may be sufficiently strong within themselves, or in combination with other evidence, to permit the legitimate inference of negligence on the part of the driver. ". . . Physical facts are sometimes more convincing than oral testimony." *Yost v. Hall*, 233 N.C. 463, 64 S.E. 2d 554; *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88. " . . . What the physical facts say when they speak is ordinarily a matter for the determination of the jury." *Jernigan v. Jernigan*, 236 N.C. 430, 72 S.E. 2d 912.

The case of *Ivey v. Rollins*, 250 N.C. 89, 108 S.E. 2d 63, on rehearing, 251 N.C. 345, is distinguishable. In that case the evidence disclosed that the driver, 14 years of age, his mother and his brother, age 4, were riding in the front seat of the Chrysler and the father and the dog were in the rear seat. The vehicle was equipped with power steering mechanism, "extremely sensitive to the touch." One eye-witness some distance away saw the vehicle suddenly swerve to the right and strike an abutment to a bridge. In the accident all occupants, including the dog, were killed. Whether the driver or the little brother intentionally or unintentionally moved the sensitive steering mechanism, causing the wreck, is undisclosed. We have nothing from the inside of the car, or from the outside for that matter, from which we may ascertain what occurred at the time of the accident. So, non-

suit seemed justified, though it must be admitted the case is somewhat borderline.

In these cases, however, the driver's wife, adversely examined, tended to remove other possible contingencies, leaving the permissible inference that her husband was careless in the discharge of his duties to his passengers by failing to see the curve which he should have seen, or by failing to have his vehicle under such control as would enable him to keep it on the road. Failure in either particular would constitute negligence. "From the foregoing evidence it is inferable that the defendant in rounding the curve failed to exercise due care to maintain a proper lookout and to keep his car under control, and that he was driving recklessly in violation of G.S. 20-140. The evidence was sufficient to carry the case to the jury on the issue of actionable negligence." *Tatem v. Tatem*, 245 N.C. 587, 96 S.E. 2d 725.

After careful and critical reconsideration of the evidence offered on the original hearing, we now conclude the evidence was sufficient to raise issues of fact for the jury, and that the nonsuit was erroneous. The cases will go back for a jury trial.

Petition allowed.

DENNY, J., concurring in part and dissenting in part. I concur with the majority opinion insofar as it holds that the doctrine of *res ipsa loquitur* is not applicable to the facts in these cases, which were consolidated for trial by consent. *Ivey v. Rollins*, 251 N.C. 345, 111 S.E. 2d 194; *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411; *Pemberton v. Lewis*, 235 N.C. 188, 69 S.E. 2d 512; *Etheridge v. Etheridge*, 222 N. C. 616, 24 S.E. 2d 477; *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251.

On the other hand, in my opinion, without applying the doctrine of *res ipsa loquitur* to the facts in these cases, the evidence leads only into the field of conjecture, speculation and surmise as to how and why the accident occurred. Such evidence is insufficient to carry a case to the jury. *Sowers v. Marley*, 235 N.C. 607, 70 S.E. 2d 670, and cited cases.

In the last cited case, *Ervin, J.*, speaking for the Court, said: "In an action for death by wrongful act based on negligence, the burden rests on the plaintiff to produce evidence, either direct or circumstantial, sufficient to establish the two essential elements of actionable negligence, namely: (1) That the defendant was guilty of a negligent act or omission; and (2) that such act or omission proximately caused the death of the decedent. * * *

"To carry this burden by circumstantial evidence, the plaintiff must present facts which reasonably warrant the inference that the decedent

was killed by the actionable negligence of the defendant. *Wyrick v. Ballard Co., Inc.*, 224 N.C. 301, 29 S.E. 2d 900; *Corum v. Tobacco Co.*, 205 N.C. 213, 171 S.E. 78; *Lynch v. Telephone Co.*, 204 N.C. 252, 167 S.E. 847. An inference of negligence cannot rest on conjecture or surmise. *Smith v. Duke University*, 219 N.C. 628, 14 S.E. 2d 643; *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 611; *Ham v. Fuel Co.*, 204 N.C. 614, 169 S.E. 180; *Grimes v. Coach Co.*, 203 N.C. 605, 166 S.E. 599; *Rountree v. Fountain*, 203 N.C. 381, 166 S.E. 329. This is necessarily so because an inference is a permissible conclusion drawn by reason from a premise established by proof. *Cogdell v. Railroad,* 132 N. C. 852, 44 S.E. 618; *Wollard v. Peterson,* 143 Kan. 566, 56 P. 2d 476."

"Generally, a defendant's negligence will not be presumed from the mere happening of an accident, but, on the contrary, in the absence of evidence on the question, freedom from negligence will be presumed." *Etheridge v. Etheridge, supra; Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879; *Robbins v. Crawford,* 246 N.C. 622, 99 S.E. 2d 852; *Williams v. McSwain,* 248 N.C. 13, 102 S.E. 2d 464; *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381; *Sloan v. Light Co.,* 248 N.C. 125, 102 S.E. 2d 822.

In *Whitson v. Frances, supra,* this Court said: "When, in a case such as this, the plaintiff must rely on the physical facts and other evidence which is circumstantial in nature, he must establish attendant facts and circumstances which reasonably warrant the inference that the death of his intestate was proximately caused by the actionable negligence of the defendant."

Likewise, in the case of *Williamson v. Randall, supra,* Parker, J., speaking for the Court, said: "The plaintiffs, to carry their case to the jury against the defendant on the ground of actionable negligence, must offer evidence sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts. *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258."

Moreover, in the case now before us, the evidence of Mrs. Dorney, while negative in character, completely negatives any attendant facts, direct or circumstantial, that might explain the cause of the accident. The plaintiff's evidence, exclusive of showing the injuries sustained, supports one fact and one fact only — the mere happening of an accident. There is no evidence tending to show any defect in the automobile, or that it was being operated at an excessive rate of speed or in any other negligent manner. *Springs v. Doll, supra.* This was not the case in *Etheridge v. Etheridge, supra,* as stated in the majority opinion, to wit: " * * * the court held the plaintiff had offered evidence

tending to support his allegations that the defendant operated ' a motor vehicle without due caution and circumspection * * * in a manner so as to endanger * * * person or property * * * at a speed greater than is reasonable and prudent under the conditions then existing.' " There is no such evidence in the present case.

The evidence before us now is the same evidence that was before us at the Fall Term 1958 (decided at the Spring Term 1959, with all members of the Court present and participating), and the points now raised were raised and forcefully argued by counsel for the plaintiffs on the original appeal, and the questions were duly and carefully considered in arriving at the decision filed on 8 April 1959. *Lane v. Dorney,* 250 N.C. 15, 108 S.E. 2d 55. This fact is confirmed by the dissenting opinion filed at the time the original opinion was filed. The writer of the dissenting opinion stated: "From the evidence, which is fully and fairly stated in the opinion, I draw inferences different from those expressed by the Chief Justice."

When these consolidated cases were originally before us I was of the opinion that the plaintiff had offered no evidence of sufficient probative value to warrant the submission of the cases to the jury, in the absence of the application of the doctrine of *res ipsa loquitur.* I am still of the same opinion.

I am authorized to state that *Winborne, C. J.* and *Moore, J.,* concur in this opinion.