MARTIN SHERWOOD RANDALL v. BILLY VINSON ROGERS.

(Filed 14 October, 1964.)

**1. Automobiles § 52—**

Ordinarily, the owner-occupant of a car has the right to direct its operation by the driver and therefore is responsible for the driver's negligence irrespective of agency, as such, and the provisions of G.S. 20-71.1.

**2. Same—**

Allegations in the complaint that the automobile was owned by defendant and registered in his name and was being negligently operated at the time by defendant or by some person with his permission, and that the negligence in the respects specified was the proximate cause of plaintiff's injury, when aided by allegations in the answer that defendant was an occupant of the car at the time of the accident, *is held* sufficient to allege defendant's liability for the driver's negligence.

**3. Pleadings § 20—**

The omission of a material allegation from the complaint may be supplied by a positive allegation of the crucial fact in the answer.

**4. Negligence § 24a—**

It is not necessary that negligence be proved by direct and positive evidence, but it may be established by circumstantial evidence, either alone or in combination with direct evidence.

**5. Automobiles § 39—**

The physical facts at the scene of an accident may be more convincing than oral testimony, and their import is ordinarily a matter for the determination of the jury.

**6. Automobiles § 41a— Circumstantial evidence held sufficient to permit the inference that accident was the result of negligence.**

Evidence permitting the jury to find that defendant was an occupant of the automobile owned by him, that he had the right to control the driver in the operation of the car, that he knew the driver to be intoxicated and that the driver in approaching and rounding a sharp curve ran off the road and into a tree resulting in injury to plaintiff, who was asleep in the car, that the car was in good mechanical condition and that there was no other traffic on the road at the time, together with the physical facts at the scene of the accident, *is held* sufficient to take the issue of negligence to the jury, since it permits the inference that the accident was the result of the intoxication of the driver and his reckless operation of the vehicle, or his failure to maintain a proper lookout so that he did not see the curve, or that he negligently failed to keep the vehicle under control.

APPEAL by plaintiff from a judgment of compulsory nonsuit entered by *Riddle, S. J.,* 23 March 1964 Civil Session of GASTON.

*William N. Puett and Berlin H. Carpenter, Jr., for plaintiff appellant.*
*Hollowell & Stott by L. B. Hollowell, Jr., for defendant appellee.*

PARKER, J. Plaintiff in his complaint alleges in substance: About 1:30 a.m. on 28 April 1963, he was injured while riding in an automobile owned by defendant and registered in his name. He is informed, believes, and so alleges, that at the time he was injured defendant's automobile was being operated by defendant, or by some person with his permission or under his direction, in a southerly direction on the road leading to Kings Mountain Moose Lodge in Cleveland County, at a high rate of speed, and that the driver lost control of the automobile which left the road on a curve at the right and crashed into a tree, resulting in injuries to him. He is informed, believes, and so avers, that defendant, or the unknown person driving the automobile under defendant's direction, was negligent in that the automobile was being operated at a speed greater than was reasonable and proper under the circumstances, at a reckless and dangerous speed, in a careless and reckless manner, and without keeping it under proper control. That said

acts of negligence were the sole proximate cause of the collision of the automobile with the tree and of his injuries.

Defendant in his answer denies all the allegations in the complaint, except that he admits both parties are residents of Gaston County, and that at about 1:30 a.m. on 28 April 1963 plaintiff was injured while riding in an automobile owned by him and registered in his name. As a bar to any recovery by plaintiff, he conditionally pleads plaintiff's contributory negligence in substance as follows: From 9 p.m. until about 1:15 a.m. on 28 April 1963, he and plaintiff were at the Moose Lodge drinking alcoholic beverages continuously. As a result of such drinking both became intoxicated, and plaintiff knew he (defendant) was intoxicated. He was not driving his automobile at the time plaintiff was injured. That if he was negligent as alleged in the complaint, plaintiff was guilty of contributory negligence in that he, while in an intoxicated condition, voluntarily continued to ride in his automobile, and failed to register any protest against its excessive speed, if any, or to take any measures for his own safety when he had ample opportunity to get out of the automobile, and that he continued to ride in his automobile when he knew, or should have known, that the driver was intoxicated. As an alternative and separate defense and bar to any recovery by plaintiff, defendant alleges that at the time of the accident he and plaintiff "were at the same time engaged in a joint enterprise in which they were occupying the motor vehicle owned by the defendant, but in the management and control of which all had equal authority and rights, and the plaintiff assumed responsibility for the negligent operation of said vehicle, if any, * * * that being engaged in a joint enterprise with the defendant, the negligence of the defendant, if any, is imputed to and becomes the negligence of the plaintiff * * *."

Plaintiff's evidence shows the following: About 8:30 or 9 p.m. on 28 April 1963 he went with defendant in his automobile to the Moose Lodge in Kings Mountain. There each had four mixed drinks containing vodka. He had worked the night before, and about 11:30 p.m. he became drowsy. He was not drunk. At that time he went out of the Moose Lodge, got in defendant's automobile, and went to sleep. The next thing he remembers is waking up the next day in a hospital in Gastonia hurting all over, particularly in his chest and head.

About 1 a.m. on 28 April 1963 William Valentine, a State highway patrolman, investigated an accident on the Moose Club Road in Cleveland County. At the scene of the accident, Moose Club Road is a hard-surfaced, black-top road about 20 feet wide. There is no posted speed limit on this road. This road has a sharp-sweeping curve that curves to the left. The road becomes a dirt road 200 or 300 feet from where the automobile

was against the tree. Valentine saw a 1963 Ford automobile "setting against a tree" about 30 feet off the paved portion of the road. The automobile was on the right side of the road not far from the curve. There were tire marks leading from the automobile to the road. The right side of the automobile was caved in to a depth of a foot or so, and its top was bowed. Valentine saw defendant at the scene, and in his opinion he was under the influence of alcohol. Defendant told Valentine he was in the back seat, someone else was driving, he owned the automobile, and he did not know at what speed the automobile went around the curve.

Plaintiff called defendant as an adverse witness. He testified in substance: He was in his automobile with plaintiff at the time of the collision, but he was not driving. The automobile left the road not far from the curve. The paved portion of the Moose Club Road terminates in a dead end, and the dirt road turned at about a 90 degree angle. He does not know if plaintiff was sleeping at the time of the collision: he was not talking. He was awake prior to the collision, but he does not know how fast his automobile was going. His automobile was four or five months old, and there was no mechanical failure in his automobile. He testified: "I ran into the driver at the Moose Club. I had driven the car to Kings Mountain past this curve while he was riding with me, but he drove the car back. I let him drive the car because he wanted to. He had been drinking but I don't know how many drinks he had had. * * * When he came to the end of this road (indicating the paved portion of Moose Club Road which dead-ended) he got off on the dirt road. I don't know if he ever put his brakes on nor at what point he started sliding. I did not hear the tires skid. I was wide awake, but I don't know whether he ever eased up on the gas. * * * I did not know the boy who was driving and I have made no efforts to locate him. * * * I would not say that speed was the only thing that caused the car to leave the road; the road ran out on the man. Nothing was happening in the car as it left the road."

Defendant offered no evidence.

Defendant contends that the judgment of compulsory nonsuit should be sustained on two grounds: One, the complaint does not allege agency sufficient to bind defendant; and two, plaintiff's evidence does not show negligence on defendant's part.

Plaintiff alleges in his complaint, and defendant in his answer admits the truth of plaintiff's allegation, that about 1:30 a.m. on 28 April 1963 he was injured while riding in an automobile owned by defendant and registered in his name. Plaintiff further alleges, on information and belief, that defendant's automobile was being negligently operated at the time by defendant, or by some person with his permission or under

his direction — plaintiff alleges in detail the acts of negligence — and that such acts of negligence were the sole proximate cause of the collision of the automobile with the tree and of his injuries. It is true plaintiff does not allege that defendant was in his automobile at the time, but defendant in his answer aids this defect or omission in the complaint by alleging as follows: he "denies that he was driving said automobile on said occasion" and avers "that at the time of the accident the plaintiff and the defendant were at the same time engaged in a joint enterprise in which they were occupying the motor vehicle owned by the defendant, but in the management and control of which all had equal authority and rights." McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. I, § 1193, "Aider by Answer"; 71 C.J.S. Pleading, § 590, a, b; 41 Am. Jur., Pleading, § 402. Defendant's answer is to the effect that he was the owner of and a passenger in the automobile at and before its collision with the tree, that he was not driving it, and that he had the right to exercise control over and direct the driver in its operation during this time.

"The mere fact that the owner refrains from directing the operation of his motor vehicle does not change his liability in such a case [when the owner is a passenger therein], since it is the right of control rather than the actual exercise of it which is material on the question of the owner's liability." 8 Am. Jur. 2d, Automobiles and Highway Traffic, p. 124. In accord *Matheny v. Motor Lines,* 233 N.C. 681, 65 S.E. 2d 368.

In *Harper v. Harper,* 225 N.C. 260, 34 S.E. 2d 185, the Court said: "The owner of an automobile has the right to control and direct its operation. So then when the owner is an occupant of an automobile being operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to the owner." See also *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543.

"The liability of an owner-occupant does not depend upon whether the driver was his agent in the ordinary sense, that is, then engaged as authorized in furtherance of the owner's business. Rather, the liability of such owner-occupant arises from the fact that he knowingly permits or directs the negligent operation of his car by another." *Litaker v. Bost,* 247 N.C. 298, 101 S.E. 2d 31.

*Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462, relied on by defendant, is distinguishable. *Inter alia,* in the *Osborne* case there is no aider by answer as here; in the *Osborne* case plaintiff alleged no actionable negligence against anyone except the defendant, and in the instant case there is an allegation of actionable negligence against defendant or the unknown person driving the automobile; and in the *Osborne*

case a part of the decision relied on by defendant was concerned with whether plaintiff could invoke the aid of G.S. 20-71.1.

Without regard to the provisions of G.S. 20-71.1, the allegations in the complaint, aided by the allegations in the answer, state such a relationship between the person operating the automobile with the permission of the owner-occupant at the time plaintiff was injured and the owner-occupant that the law of agency is applicable. *Harper v. Harper, supra; Litaker v. Bost, supra.*

"Evidence of actionable negligence need not be direct and positive. Circumstantial evidence is sufficient, either alone or in combination with direct evidence." *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. "Physical facts are sometimes more convincing than oral testimony." *Yost v. Hall,* 233 N.C. 463, 64 S.E. 2d 554. "* * * what the physical facts say when they speak is ordinarily a matter for the determination of the jury." *Jernigan v. Jernigan,* 236 N.C. 430, 72 S.E. 2d 912.

Plaintiff's evidence would permit, but not compel, a jury to find that defendant permitted a man to drive his automobile who he knew had been drinking; that defendant was a passenger in his automobile and also plaintiff, who was asleep; that defendant had the legal right to control the driver in his operation of his car; that the automobile was four or five months old and there was no mechanical failure in it; that there was no other traffic on the road at the time; that the driver was operating defendant's automobile carelessly and recklessly in violation of G.S. 20-140, in that in approaching and rounding the sharp-sweeping curve he failed, by reason of his drinking or otherwise, to exercise due care to maintain a proper lookout so that he did not see the curve, and in that he failed to keep the automobile under control; and that because of this negligence on his part, he did not stay on the highway but ran off of it and into a tree, thereby proximately causing plaintiff's injuries. The evidence was sufficient to carry the case to the jury on the issue of defendant's actionable negligence. This decision is in line with our decisions in *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33, and *Tatem v. Tatem,* 245 N.C. 587, 96 S.E. 2d 725.

The judgment of involuntary nonsuit was improvidently entered and is

　Reversed.