CECIL J. JACKSON, ADMINISTRATOR OF THE ESTATE OF WILLIAM RUSSELL, JR., DECEASED, v. JUDY SPELLMAN BALDWIN AND WILLYSEE CLINE BALDWIN.

(Filed 21 September, 1966.)

**1. Trial § 21—**

On motion for compulsory nonsuit, plaintiff's evidence supported by allegation is to be taken as true and considered in the light most favorable to him, and defendant's evidence in conflict therewith is to be disregarded.

**2. Negligence § 24a—**

Nonsuit is proper in an action for negligence only when there is no material conflict in the evidence, and the sole reasonable inference therefrom is that there was no negligence on the part of defendant or that the negligence of defendant was not a proximate cause of the injury.

**3. Automobiles § 41a—**

Negligence may be established by circumstantial evidence, including physical facts at the scene, either alone or in combination with direct evidence, which permits the legitimate inference of negligence as a proximate cause.

**4. Automobiles § 41g—**

The physical facts at the scene tending to show that intestate was driving east on a dominant street and that defendant was driving north on the intersecting street, and that the collision occurred in the southeast quadrant of the intersection between the right rear of the truck intestate was driving and the front of the automobile driven by defendant, together with other evidence, *is held* sufficient to be submitted to the jury on the question of negligence and proximate cause.

APPEAL by plaintiff from *Martin, S.J.*, January 10, 1966 Civil Session of BUNCOMBE.

Action by the duly qualified and acting administrator for the wrongful death of his intestate, William Russell, Jr., resulting from

injuries sustained by plaintiff's intestate about 3:24 A.M. on September 5, 1963, as a result of a collision in the town of Hendersonville at the intersection of First Avenue and Washington Street. Plaintiff sues the defendant Judy Spellman Baldwin as the operator of the automobile involved and Willysee Cline Baldwin as the owner of the automobile.

The evidence, considered in the light most favorable to plaintiff, discloses these facts: First Avenue was approximately 30 feet wide and ran generally east and west. Washington Street was approximately 24 feet wide and ran generally north and south. There was a stop sign at the southeast corner of the intersection which faced traffic proceeding in a northerly direction. The view of this stop sign was unobstructed. Plaintiff's intestate was operating an International van truck in an easterly direction on First Avenue approaching the intersection; defendant Judy Spellman Baldwin was operating a 1962 Corvair automobile in a northerly direction on Washington Street approaching the intersection.

David S. Hudson, a police officer for the town of Hendersonville at the time of this collision, testified in substance as follows: That he arrived at the scene a few minutes after the collision and found an International van truck lying on its left side partially in the street and partially on the sidewalk on the south side of First Avenue; that he observed tire marks leading from debris in the intersection to the truck; that the debris, consisting of glass and dirt, covered an area about two feet in diameter located in the southeast quadrant of the intersection, approximately four feet from the eastern margin of the intersection and approximately twenty feet from the western end of the intersection; that the truck was damaged on the right rear from the rear of the wheel opening to the extreme rear of the truck; that the Corvair automobile was damaged on the front end, front hood, grill and bumper. Plaintiff's intestate was lying under the truck down to his waist, with legs extending from under the truck. He was bleeding from his nose, mouth and scalp. The officer further testified that he talked to Judy Spellman Baldwin at the scene of the accident and she stated that she was doing approximately 20 miles per hour and had the automobile in second gear.

There was evidence by Dr. Alex H. Veasey, who was admitted as a medical expert, that plaintiff's intestate was brought to the hospital on September 5 at about 3:25; that he was dead, and that in his opinion Russell died from severe head injuries.

Plaintiff offered another witness who testified that she had seen the van truck being operated by plaintiff's intestate about an hour

before the accident and at that time she observed no dents, damage or injury to the truck.

The defendants by cross examination of witness Hudson elicited information tending to show that the collision occurred approximately two years before the trial; that Washington Street had been widened since that time and the intersection altered, and that officer Hudson's testimony of the physical evidence was based largely on memory and approximation.

At the conclusion of plaintiff's evidence both defendants moved for judgment as of nonsuit. Each of the motions was allowed and judgment entered, from which plaintiff appeals.

*Gudger and Erwin for plaintiff appellant.*
*Redden, Redden and Redden and Williams, Williams and Morris for defendants, appellees.*

PER CURIAM. "On a motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true, and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. Plaintiff's evidence must be considered in the light of his allegations to the extent the evidence is supported by the allegations. Defendant's evidence which tends to impeach or contradict plaintiff's evidence is not to be considered. Discrepancies and contradictions in plaintiff's evidence do not justify a nonsuit, because they are for the jury to resolve." *King v. Bonardi,* 267 N.C. 221, 148 S.E. 2d 32; 4 Strong's N. C. Index, Trial, Sec. 21; Supp. to Vol. 4, *ibid,* Sec. 21.

Nonsuit may be granted "only in case the evidence is free from material conflict, and the only reasonable inference to be drawn therefrom is either that there was no negligence on the part of the defendant, or that the negligence of defendant was not the proximate cause of plaintiff's injury." *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793.

Plaintiff did not offer any eyewitness testimony and therefore must rely on circumstantial evidence to prove his case. Our courts, recognizing this principle, in *Lane v. Dorney, supra,* stated: " 'What occurred immediately prior to and at the moment of impact may be established by circumstantial evidence, either alone or in combination with direct evidence.' *Kirkman v. Baucom,* 246 N.C. 510, 98 S.E. 2d 922. . . . 'Physical facts tell their own story. They may be sufficiently strong within themselves, or in combination with other evidence, to permit the legitimate inference of negligence on the

part of the driver. Physical facts are sometimes more convincing than oral testimony.' *Yost v. Hall,* 233 N.C. 463, 64 S.E. 2d 554."

The defendant Willysee Cline Baldwin in her answer admitted that she was the registered owner of the Corvair automobile operated by Judy Spellman Baldwin at the time of the collision, and the negligence of the driver is imputed to the owner by virtue of the *prima facie* presumption established by G.S. 20-71.1.

The physical facts, buttressed by the statement of Judy Spellman Baldwin, made at the scene of the accident, lead to such inferences of fact that the jury could reasonably find she operated the 1962 Corvair automobile in such manner as to make out a *prima facie* case of actionable negligence sufficient to sustain the allegations set out in the complaint.

Reversed.