CHARLES M. IVEY, JR., ADMINISTRATOR OF THE ESTATE OF JOHN W. HADNOT v. CLYDE T. ROLLINS, ADMINISTRATOR OF THE ESTATE OF LUKE R. HADNOT, JR.

(Filed 8 April, 1959.)

**1. Courts § 20—**

In an action in this State involving an automobile accident in another state, the substantive law of the state in which the accident occurred determines the cause of action and measure of damages, and the law of this State governs in regard to matters of evidence, including the application of the doctrine of *res ipsa loquitur* and the joinder of causes.

**2. Automobiles §§ 36, 41a—**

Evidence tending to show merely that an automobile driven by defendant's intestate, traveling at a lawful speed on a dry, paved highway in its proper lane, suddenly swerved sharply to its right and collided into a bridge abutment, without any evidence of any mechanical defect in the car or unusual conditions in regard to traffic or the road, *is held* insuf-

ficient to be submitted to the jury on the issue of the driver's negligence, the doctrine of *res ipsa loquitur* not being applicable.

BOBBITT AND HIGGINS, JJ., concur in result.

APPEAL by plaintiff from *Johnston, J.,* at May 26, 1958 Civil Term of GUILFORD— Greensboro Division, argued at Fall Term, 1958 as No. 609.

Civil action to recover of defendant damages under the South Carolina statute for alleged wrongful death, designated "First Cause of Action", and by reason of reckless, willful and wanton negligence for conscious pain and suffering prior to death, designated "Second Cause of Action".

The action is brought by the Estate of John Hadnot, deceased (infant age four), alleging that he was a passenger in an automobile operated by his older brother, Luke R. Hadnot, Jr. (age 13 years, 11 months), when the car struck a bridge abutment near Walterboro, South Carolina, killing all the occupants,— plaintiff's and defendant's intestates, and the mother and father of said intestates.

The facts alleged, and as the testimony tends to support, offered upon the trial in Superior Court are substantially these:

On 4 July, 1956, at approximately 4:30 P. M., the 1955 Chrysler automobile belonging to Luke R. Hadnot collided with a concrete bridge abutment on the west side of U. S. Highway No. 17, about one-tenth of a mile south of the corporate limits of Walterboro in Colleton County, South Carolina. The weather was clear; the highway was dry. It runs generally north and south, and is a two-lane paved road. It is 23 feet in width. The concrete bridge abutments on each side of the highway, forming the bridge, are approximately four feet high and two feet wide. And the automobile struck the bridge abutment squarely across the front of the vehicle, that is, "head on". There were seven-foot shoulders on each side of the highway. It was down hill and straight on its approach to the bridge for approximately two-tenths of a mile, but at the bridge it is fairly level.

The only eye witnesses to the collision were Mr. and Mrs. John L. Grady, of Fort Myers, Florida, who were also traveling southwardly on the same highway,— following the Hadnot automobile. The speed of the two automobiles was between 30 and 35 miles per hour. The Grady automobile had been following the Hadnot automobile for a distance of one quarter to one-half mile. The Hadnot car was traveling on its right-hand side of the highway, six or seven hundred feet in front of the Grady automobile. And although the Gradys had waited in their automobile at a filling station to permit the Hadnot

automobile to pass, neither of them could state who was the driver of it. There was no unusual movement or action of the Hadnot automobile until it reached a point about ten or fifteen feet north of the concrete abutment on its right, when it "suddenly swerved sharply" to its right and into the abutment. There was no other traffic on the highway at the time. Afterwards there were no skidmarks or any other marks on the highway. No loud noise or explosion was heard prior to the occurrence of the impact. And the Gradys stopped their car and he ran up to the Hadnot car in about ten seconds. Luke Hadnot, Jr., was seated in the driver's seat. The mother was sitting on the front seat on the right-hand side, holding in her lap the child John W. Hadnot, who was alive and whimpering for her. And Luke R. Hadnot, Sr., father of the boys and owner of the 1955 Chrysler automobile, was sitting on the floor with his back against the left rear door with his feet sprawled out. All of the occupants of the automobile were either killed immediately in the collision, or died shortly thereafter. Even the family dog died on the way to the veterinarian. John W. Hadnot, plaintiff's intestate, the last surviving, expired at approximately 7:30 P.M., on that date, in the hospital.

Defendant's intestate, Luke R. Hadnot, Jr., was not a licensed automobile operator under the laws of either North Carolina or South Carolina. However, he was accustomed to driving the family automobile from time to time under the supervision of his mother or father, and his grandparents, likewise grandparents of plaintiff's intestate, knew of and condoned the operation by defendant's intestate.

Mr. Grady testified that after the collision "there was (were) water melon and ice cream carton containers in the car * * * on the floor, front and back, as I recall. The water melon was in eating slices, partly consumed."

There was testimony tending to show that the Hadnot Chrysler automobile involved in the accident was equipped with power steering mechanism; that there was nothing wrong with it; that it makes the steering wheel extremely sensitive to the touch; that you can steer a car with one finger; and that "a four-year old" could pull power steering enough to turn it.

At the close of plaintiff's evidence the defendant demurred thereto, and moved for judgment as of nonsuit. The motion was granted. Plaintiff excepted and appeals to Supreme Court, and assigns error.

*McLendon, Brim, Holderness & Brooks, L. P. McLendon, Jr., Hubert B. Humphrey for plaintiff, appellant.*
*Smith, Moore, Smith, Schell & Hunter for defendant, appellee.*

WINBORNE, C. J. The accident involved in present case, having occurred in the State of South Carolina, and the action having been instituted in the State of North Carolina, the parties concede (1) that the substantive law of South Carolina determines the cause of action maintainable by plaintiff as well as the measure of damages, *Wise v. Hollowell*, 205 N.C. 286, 171 S.E. 82; (2) that the law of the forum governs in regard to matters of evidence, including the application of *res ipsa loquitur* doctrine and procedure, and including the joinder of claims for wrongful death and conscious pain and suffering. Restatement of the Law of Conflict of Laws, Sections 585, 587 and 595.

Appellant, in brief filed in this Court, states substantially this as the question here involved: Did the trial court err in granting the defendant's motion for nonsuit at the close of plaintiff's evidence? Stating, that basically this involves two questions of law: (1) Is the doctrine of *res ipsa loquitur* applicable to the facts at bar? And (2) Was plaintiff's intestate, a child of tender years, a "guest" within the meaning of the South Carolina Guest Statute, requiring proof of intentional, heedless or reckless conduct?

Negative answer to the first question is found in opinion delivered this day by this Court in the case of *Lane v. Dorney, ante,* 15, where an almost identical question is presented.

In the instant case, there is no evidence of any negligence on the part of anybody. The only established fact is that there was a collision when the automobile in which plaintiff's intestate was riding, traveling in its proper lane, "suddenly swerved sharply" head-on into the bridge abutment. What caused it nobody knows. The cause of it rests in the realm of conjecture, speculation and guesswork.

Therefore the second question becomes moot. It is immaterial whether plaintiff's minor intestate was a guest under the South Carolina Guest Statute or not. *Res ipsa loquitur* manifestly does not apply— for reasons shown in *Lane v. Dorney, supra.*

Hence the judgment as of nonsuit entered in court below is

Affirmed.

BOBBITT AND HIGGINS, J.J., concur in result.