MELBA SUE FULLER, BY HER NEXT FRIEND, J. D. ALFORD v. LUCY W.
FULLER, ADMINISTRATRIX OF THE ESTATE OF GURNEY RYLAND FUL-
LER, DECEASED, AND J. R. FULLER;

AND

JIMMY ALLEN FULLER, BY HIS NEXT FRIEND, J. D. ALFORD, v. LUCY
W. FULLER, ADMINISTRATRIX OF THE ESTATE OF GURNEY RYLAND
FULLER, DECEASED, AND J. R. FULLER.

(Filed 2 November, 1960.)

Automobiles §§ 36, 39, 41a— Negligence is not presumed from the
mere happening of an accident.

Evidence tending only to show that the driver of a truck veered
gradually to the left and ran off the hard surface at a point where the
highway was straight and that the truck continued on until it struck
a tree some 150 feet after it had left the highway, resulting in the
death of the driver and injury to the two passengers, with further evi-
dence that the day was clear and the road dry and that there was no
other traffic at this point, is insufficient to show that the injury to the
passengers was the result of the negligence of the driver, since negli-
gence will not be presumed from the mere happening of an accident,
but, in the absence of evidence on the question, freedom from negli-
gence will be presumed.

APPEAL by plaintiffs from *McKinnon, J.,* February-March 1960
Civil Term, of FRANKLIN.

These actions were consolidated for trial. Plaintiffs seek to recov-
er damages for personal injuries received by them in an automobile
accident which occurred 27 May 1958, about 2:30 P.M.

Plaintiffs, Melba Sue Fuller and Jimmy Allen Fuller, were riding
in a pickup truck operated by their brother, Ryland Fuller. All three
were minors. Jimmy was sitting on the right side, Melba in the
middle. The pickup was proceeding southwardly on N. C. High-
way No. 39, about 7 miles south of Louisburg in a rural area of
Franklin County. There was no other traffic. The weather was clear
and the road dry. At this point the highway is straight. About 300
feet north of this point is a slight curve to the west for southbound
traffic. The pickup was carrying a tobacco setter. The truck veered
gradually to the left, ran off the hardsurface and onto the shoulder
with a bumping sound, continued on the shoulder at a slight angle
to the highway for about 75 feet, proceeded into a field about two
feet below the level of the highway, and continued in a straight line
about 150 feet until it struck a cedar tree. The tree is 15 to 20 feet
from the center of the highway and is 18 to 20 inches in diameter.

Eyewitnesses estimated the speed of the truck at 35 to 40 miles
per hour. No one saw the truck before it reached the shoulder of

the road. Jimmy was asleep and did not awake until after the accident. Melba was asleep but awoke as the truck crossed a driveway just before hitting the tree. She testified that the speedometer reading was 43 miles per hour and Ryland was trying to push her "off from his elbow."

The truck was almost demolished. Ryland received injuries from which he died. He did not regain consciousness after the accident. Melba and Jimmy were injured. The truck was the property of plaintiffs' uncle, J. R. Fuller.

On motion of defendants the court entered judgments of nonsuit at the close of plaintiffs' evidence. Plaintiffs appealed and assigned errors.

*Yarborough, Yarborough & Paschal for plaintiffs, appellants.*
*Smith, Leach, Anderson & Dorsett for defendants, appellees.*

PER CURIAM. The cause of the accident rests in the realm of speculation and conjecture. Negligence will not be presumed from the mere happening of an accident. In the absence of evidence on the question, freedom from negligence will be presumed. *Ivey v. Rollins,* 251 N.C. 345, 111 S.E. 2d 194, and 250 N.C. 89, 108 S.E. 2d 63.

The judgments below are
Affirmed.