ALEXANDER FUNERAL HOME, INC., a Corporation v. HAROLD S. PRIDE
AND CITY CHEVROLET COMPANY, INC.

(Filed 29 April, 1964.)

1. Evidence § 54—

     While a party may not impeach his own witness and is bound by the testimony which he himself elicits, he is not precluded from showing the facts to be otherwise than as testified to by the witness.

**2. Automobiles § 39—**

The physical facts at the scene of the accident may speak louder than the testimony of witnesses, and may in themselves be sufficiently strong to merit the inference of negligence with respect to speed.

**3. Automobiles § 41b—**

Evidence tending to show that a motorist made a right turn into a dominant street, discovered he could not straighten the car and continued in an arc, hit the curb, lost control, ran through a yard, knocked down an 8-inch thick concrete wall, and struck brick pillows supporting a porch, causing the porch to collapse, *is held* sufficient to be submitted to the jury on the issue of negligence, since it permits an inference of excessive speed or of failure to maintain reasonable control of the vehicle and apply the brakes after the driver realized the vehicle was continuing to turn to the right because of the defective steering mechanism.

**4. Automobiles § 41a;    Negligence § 24d—**

The fact that plaintiff alleges negligence in respects not substantiated by proof does not warrant nonsuit for variance when in other respects there is both allegation and evidence, since proof of negligence in any one of the respects alleged is sufficient if it proximately causes injury.

**5. Automobiles § 5—**

The person who suffers damage to property as a result of defective steering mechanism of an automobile may not recover of the company which repaired the steering mechanism under contract with the owner-driver, since the person damaged is not privy to any contract of warranty between the company and the owner-driver.

**6. Same—**

Evidence of damage to property resulting from defective steering mechanism of an automobile does not warrant recovery against the company that had three times repaired the steering mechanism for the owner-driver when the evidence discloses that the owner-driver had different complaints with respect to the steering on each occasion and there is no evidence as to what caused the defect, that the cause could have been discovered by the repairmen in the exercise of reasonable care, or that the repairmen had not been diligent in making the repairs, or that they did not find and correct the causes on each occasion.

**7. Trial § 22—**

To support a verdict there must be evidence of every fact essential and material to the cause of action, and a verdict may not rest upon mere guess or upon possibilities.

APPEAL by plaintiffs from *Riddle, S. J.,* October 28, 1963, Civil Session of MECKLENBURG.

This is an action for damages to a house resulting from alleged negligence of defendant Pride and defendant City Chevrolet Company.

*Peter H. Gerns for plaintiff.*

*Carpenter, Webb & Golding and John A. Mraz for defendant Pride.*
*Fairley, Hamrick, Hamilton & Monteith for defendant Chevrolet*
*Company.*

MOORE, J.  The court below, at the close of plaintiff's evidence, allowed defendants' motions for nonsuit. Plaintiff contends this was error.

Considered in the light most favorable to plaintiff, the evidence tends to show: Defendant Pride resides in Charlotte and is a physician. He purchased a Chevrolet automobile from defendant City Chevrolet Company, of Charlotte, about June 1961. Mechanical difficulties developed in the steering mechanism, and Dr. Pride on three occasions took the car to the City Chevrolet Company for repairs. On the first occasion, 10 July 1961, the automobile had been driven 1273 miles; he told repairmen it would not "return to straight" on turns and asked that the steering mechanism be checked; when the car was returned to him he was told that the steering had been checked and was in good order. On 6 September 1961, when the car had been driven 4717 miles, it was again taken in for steering repair; on this occasion Dr. Pride complained of "a noise that always threw the steering out of control when it struck an uneven area of the road"; the car was returned to him with assurances that the mechanism was correct. Finally, the car was taken to the Chevrolet Company on 29 September 1961, after it had been driven 6127 miles; Dr. Pride complained that it had too much "play" in the steering mechanism; when it was returned to him he was told that it had been examined and nothing wrong had been found. About 10:00 P.M., 3 October 1961, while Dr. Pride was driving on West Fifth Street in Charlotte, the car ran to his right off the street, crossed the curbing, knocked down an 8-inch thick concrete block wall, and ran into the front of plaintiff's house at 904 West Fifth Street, uprooting shrubbery, knocking back brick pillars supporting the porch, collapsing the porch roof and damaging gas and water lines as it went. Dr. Pride had been drinking but, according to the investigating officer, was not "under the influence." Dr. Pride, being called as a witness by plaintiff, testified that he travelled south on North Clarkson Street, stopped at a stop sign at the intersection of North Clarkson and West Fifth, then proceeded to make a right turn into West Fifth, pulled into the inside lane of the two lanes for west-bound traffic (it was a four lane street) and while still in his turn and after he had gone 10 feet into West Fifth Street he discovered he could not straighten his car and continued in an arc across the outside traffic lane, lost control when he hit the curb and did not recall applying his brakes at all. He was

·travelling at the rate of 20 miles per hour. The damaged house was the second from the corner and the lot on which it was located had a 44-foot frontage. The corner lot fronts 50 feet on West Fifth. The car came to rest 65 feet from the corner.

In our opinion the evidence makes out a *prima facie* case of actionable negligence against defendant Pride. Plaintiff alleges that defendant Pride was negligent in that, *inter alia,* he failed to stop at the stop sign at the intersection of Clarkson and Fifth Streets, operated his automobile at a speed greater than was reasonable and prudent under the circumstances, failed to maintain reasonable control of the vehicle and failed to apply brakes and stop the car, and that such negligence was a proximate cause of the damage to plaintiff's property. Defendant Pride testified that his speed was 15 miles per hour; he told the investigating officer it was 20. Both are within the limits fixed by law. Pride was plaintiff's witness. There was no other eyewitness. Plaintiff may not impeach his own witness and is bound by his testimony when it is uncontradicted. *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. But plaintiff may show the facts to be otherwise than as testified to by his witness. *Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *Ross v. Tel. Co.,* 219 N.C. 324, 13 S.E. 2d 571. The physical evidence of damage at the scene permits the inference of negligence on the part of defendant Pride with respect to speed. Physical facts at the scene of an accident may speak louder than the testimony of witnesses. *Carr v. Lee,* 249 N.C. 712, 107 S.E. 2d 544; *Sheldon v. Childers,* 240 N.C. 449, 82 S.E. 2d 396; *Chesson v. Teer Co.,* 236 N.C. 203, 72 S.E. 2d 407. They may be sufficiently strong within themselves, or in combination with other evidence, to infer negligence and make the issue one for the jury. *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33. The interpretation of the physical facts is ordinarily the province of the jury. *Jernigan v. Jernigan,* 236 N.C. 430, 72 S.E. 2d 912. From the extensive damage to plaintiff's property the jury may infer that defendant Pride failed to stop at the intersection and turned the corner at a speed which would not permit him to control his car, or that if he did stop at the intersection he started and made the turn at a speed greater than was reasonable and prudent. Furthermore, the evidence permits the inference that he did not maintain reasonable control of the vehicle and neglected to apply brakes and made no effort to stop the car when he realized it was continuing to turn to the right because of defective steering mechanism. Defendant Pride's contention that there is a fatal variance between allegation and proof is untenable. Plaintiff is not required to prove all of the acts and omissions which it alleges constitutes negligence;.proof of negligence in one of the respects alleged is sufficient if it proximately caused the injury.

In our opinion plaintiff's action against City Chevrolet Company was properly nonsuited. Plaintiff is not privy to any contract of warranty from Chevrolet Company to defendant Pride, and may not recover for breach of such warranty if one exists. *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21. Moreover, this action is based on negligence, not breach of warranty. The mere fact that Chevrolet Company had repaired the steering mechanism on several occasions and on this particular occasion the car continued to circle to the right and could not be "straightened up" by turning the steering wheel, does not impose liability on the Chevrolet Company. To maintain the action plaintiff must show want of reasonable care in making repairs and a causal connection between such want of care and the injury to plaintiff's property. *Harward v. General Motors Corp.*, 235 N.C. 88, 68 S.E. 2d 855; *Broughton v. Oil Co.*, 201 N.C. 282, 159 S.E. 321. The car was returned to the Chevrolet Company three times within a period of three months for repairs to the steering mechanism. The complaint was on the first occasion that the car would not "return to straight" on turns, on the second occasion that a noise "always threw the steering out of control when it struck an uneven area of the road," and on the last occasion that there was too much "play" in the steering. There is no evidence tending to show what caused the defects, whether they resulted from the same cause, that the cause could have been discovered by the repairmen in the exercise of reasonable care, that the repairmen had not been diligent in making the repairs, or that the repairmen did not find and correct the causes on each occasion. Whether there is any fault on the part of the City Chevrolet Company rests in speculation and conjecture. To support a verdict there must be legal evidence of every material fact; a verdict may not rest upon a mere guess or on possibilities. *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 661.

The judgment below is

As to the action against Harold S. Pride, Reversed.

As to the action against City Chevrolet Company, Affirmed.