ERVIN E. WHALEY v. HENRY JACKSON MARSHBURN.
AND
REGINALD R. QUINN v. HENRY JACKSON MARSHBURN.

(Filed 21 October, 1964.)

1. Automobiles § 41a —

In these actions by a passenger to recover for injuries sustained when the driver failed to follow a curve, hit the shoulder, and lost control of the vehicle, the evidence *is held* sufficient to be submitted to the jury on authority of *Randall v. Rogers, ante,* 544.

2. Appeal and Error § 42—

Mere technical error does not warrant a new trial, but appellant must show not only error but that it was of such prejudicial nature as to amount to a denial of a substantial right.

APPEAL by defendant from *May, J.,* August 1964 Session of LENOIR.

In these actions, consolidated for trial, plaintiffs' allegations and evidence are to the effect they were passengers in an automobile owned and operated by defendant on December 24, 1961, about 1:00 a.m.; that defendant, driving westwardly on a rural paved road from Potter's Hill, N. C., to Pink Hill, N. C., reached a curve to the left as the road approaches a bridge over Beaver Dam Creek; that defendant failed to follow this curve, hit the shoulder, lost control, jumped the creek to the right of the bridge and stopped when his car crashed into a tree on the west bank of the creek; and that, as a result, plaintiffs sustained personal injuries. In each action, the issues raised by the pleadings, namely, negligence and damages, were answered in favor of plaintiff, and judgments in accordance with the verdicts were entered. Defendant appealed.

*Jones, Reed & Griffin for plaintiff appellees.*
*White & Aycock for defendant appellant.*

PER CURIAM. The only evidence was that offered by plaintiffs. It was sufficient to require submission for jury determination of issues as to the alleged actionable negligence of defendant. In accordance with legal principles stated in *Randall v. Rogers, ante,* 544, 138 S.E. 2d 248, and cases cited, defendant's motions for judgment of nonsuit were properly overruled.

Assignments of error relating to the charge have been carefully considered. Conceding technical error, when the charge is construed contextually, the assignments, in our view, do not show error of such prejudicial nature as to amount of a denial of a substantial right and jus-

tify the award of a new trial. Strong, N. C. Index, Appeal and Error § 42. Hence, the verdicts and judgments will not be disturbed.

No error.