PATRICIA F. YATES, ADMINISTRATRIX OF THE ESTATE OF CLAUDE G. YATES, DECEASED v. JAMES WILLIAM CHAPPELL AND MASON R. MILLER.

(Filed 15 January, 1965.)

**1. Negligence § 24c—**

Circumstantial evidence, either alone or in combination with direct evidence, is sufficient to be submitted to the jury if the proven facts establish negligence and proximate cause as a more reasonable probability, even though the possibility of mere accident may also arise upon the evidence.

**2. Automobiles § 41p—**

Circumstantial evidence tending to show that defendant entered the car, started the motor, and was sitting under the steering wheel when decedent got in the car on the righthand side, that defendant drove the car off, and that a few minutes later the car was found resting against the abutment of a bridge with defendant sitting under the steering wheel in an unconscious condition and with decedent beside him on the right, *is held* sufficient to be submitted to the jury on the question of the identity of defendant as the driver of the car at the time of the accident.

**3. Automobiles § 54f—**

Stipulations that the car involved in the accident was owned by a designated person is sufficient to take the case to the jury on the issue of the agency of the driver. G.S. 20-71.1.

**4. Automobiles § 41a— Circumstantial evidence of negligence in driving at excessive speed and failing to maintain control held for jury.**

Evidence tending to show that a highway in its approach to a bridge from the south was downhill and curving to a point 250 feet and then straight and level to the bridge, that it had a posted speed limit of 35 miles per hour, that defendant approached the bridge from the south at a time when there was no other traffic, that there were no skid marks at the scene, that the car was found entirely on the shoulder of the highway with its front against the bridge abutment, and that the car was extensively damaged and the four foot concrete abutment cracked, and the concrete railing supported by the abutment cracked for a distance of 25 to 30 feet, *held* sufficient to permit the inference of excessive speed and loss of control, requiring the submission of the issue of negligence to the jury.

APPEAL by plaintiff from *McLaughlin, J.,* September 1964 Session of SURRY.

*Allen, Henderson & Williams for plaintiff appellant.*
*Moore & Rousseau and R. Lewis Alexander for defendant James William Chappell, appellee.*
*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson and I. Robert Elster for defendant appellees.*

MOORE, J. This is an action to recover damages for the alleged wrongful death of Claude G. Yates, plaintiff's intestate. About 9:40 P.M. on 21 January 1963 the automobile in which Claude G. Yates was riding collided with the concrete abutment of the bridge over Cobb Creek on U. S. Highway 21 in Surry County. Yates suffered injuries from which he died on 27 January 1963. The other occupant of the car was defendant Chappell.

At the close of plaintiff's evidence the court, on motion of the defendants, entered a judgment of involuntary nonsuit. Our sole inquiry

is whether the evidence, considered in the light most favorable to plaintiff, is sufficient to make out a case for the jury as against defendants.

Defendant Chappell is *non compos mentis* as a result of injuries received by him in the accident. No persons other than Yates and Chappell were present at the time of the accident. Plaintiff relies on circumstantial evidence. Circumstantial evidence may be sufficient, either alone or in combination with direct evidence, to establish the actionable negligence of defendants. Direct evidence of actionable negligence is not required. It may be inferred from the facts and attendant circumstances, and if the facts proved establish the more reasonable probability that the defendants were guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of mere accident may arise from the evidence. *Robbins v. Harrington*, 255 N.C. 416, 121 S.E. 2d 584; *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411; *Whitson v. Frances*, 240 N.C. 733, 83 S.E. 2d 879; *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88.

Plaintiff's evidence as to the identity of the driver of the automobile is in substance as follows: About 9:00 P.M. on the night of the accident Yates and Chappell went to the home of Mrs. Shirley Garris on U. S. Highway 21 about one-half mile south of the place of the collision. They were there 30 or 40 minutes. When they were ready to leave, Chappell "went out and got in the car" and "started the motor." Yates remained on the porch 2 or 3 minutes talking to Mrs. Garris; he then went out "and got in the car on the righthand side"; he was wearing a "white London Fog jacket." Chappell "was under the wheel and drove the car away." A few minutes later the car was found headed north, resting against the abutment of the bridge. A person was attracted to the scene by the noise of the impact. Others soon arrived. Chappell was sitting under the steering wheel in an unconscious condition. Yates was lying on the front seat with his feet across the floorboard toward the right-hand side of the car and his head lying on Chappell's right leg; he was wearing a white jacket. Both were removed from the car and taken to a hospital.

The foregoing facts are sufficient to support a finding by a jury that defendant Chappell was operating the automobile in which deceased was riding at the time of the accident. The identity of the driver of a car at the time of the accident in suit may be established by circumstantial evidence. *McGinnis v. Robinson*, 252 N.C. 574, 114 S.E. 2d 365; *Stegall v. Sledge*, 247 N.C. 718, 102 S.E. 2d 115. Compare the instant case factually, on the question of driver identity, with *Thomas v. Morgan*, 262 N.C. 292, 136 S.E. 2d 700; *Pridgen v. Uzzell*, 254 N.C. 292, 118 S.E. 2d 755; *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492;

in which the circumstantial evidence was held to be *prima facie* sufficient to establish the identity of the drivers. The circumstances seem as strong or stronger for identification in the case at bar.

Plaintiff alleges that Chappell operated the car as agent of defendant Miller. It is stipulated that the car involved in the accident was owned by defendant Miller. This takes the plaintiff to the jury on the agency issue. G.S. 20-71.1; *Mitchell v. White,* 256 N.C. 437, 124 S.E. 2d 137.

Finally, we come to the question whether plaintiff's evidence of actionable negligence on the part of defendants is sufficient to survive the motion for nonsuit. The evidence tends to establish the following facts: U. S. Highway 21 runs generally north and south, and the paved portion is 20 feet wide. In approaching Cobb Creek bridge from the south it is downhill and curving to a point 250 feet south of this bridge; from this point it is straight and about level to the bridge. The posted speed limit in the approach to, and in the vicinity of, the bridge is 35 miles per hour. At the time of the accident the highway was dry. The car in which deceased was riding was proceeding northwardly toward the bridge; there was no other vehicular traffic. Investigation immediately after the accident disclosed no tire or skid marks on the hard surface or shoulder of the highway. The car came to rest "head-on into the abutment" at the east side of the bridge; the abutment was at the center of the front of the car. The car was entirely on the shoulder of the highway; the abutment is about even with the east edge of the shoulder. The front end of the car had been folded or pushed back. About a third of the hood was "up in the air." The motor was driven back into the floorboard, and the panel was bent. The steering wheel was bent upward toward the top of the car. The seats were damaged and the glasses broken. The frame was completely warped and bent, more in front. The car was damaged all over; it was in such condition it could not be towed; it had to be loaded on the wrecker. The concrete abutment was cracked, and some of the concrete was knocked off. The abutment was about four feet thick and supported a concrete railing; the railing was cracked a distance of 25 to 30 feet. The bridge had to be repaired. Deceased was a married man and the father of four small children; his health was good prior to the accident and his annual earnings were about $5300.

Plaintiff alleges that defendant Chappel was negligent at the time of, and immediately preceding, the accident in that, among other things, he was operating the car at a speed greater than was reasonable and prudent under the circumstances and failed to keep the car under

reasonable control, and that such negligence was a proximate cause of the injuries to and death of plaintiff's intestate.

The doctrine of *res ipsa loquitur* does not apply in tort cases involving the operation of motor vehicles, and in such cases negligence is not presumed from the mere fact that there has been an accident and injury. *Johns v. Day,* 257 N.C. 751, 127 S.E. 2d 543; *Fuller v. Fuller,* 253 N.C. 288, 116 S.E. 2d 776; *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33; *Ivey v. Rollins,* 250 N.C. 89, 108 S.E. 2d 63. An inference of negligence cannot rest upon conjecture. *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. The mere fact that a vehicle veers off the highway is not enough to give rise to an inference of negligence. *Fuller v. Fuller, supra; Ivey v. Rollins, supra.* But what occurred immediately prior to and at the moment of the impact may be established by circumstantial evidence, either alone or in combination with direct evidence. *Kirkman v. Baucom,* 246 N.C. 510, 98 S.E. 2d 922. The physical facts at the scene of an accident, the violence of the impact, and the extent of damage may be such as to support inferences of negligence as to speed, reckless driving, control and lookout. *Funeral Home v. Pride,* 261 N.C. 723, 136 S.E. 2d 120; *Punch v. Landis,* 258 N.C. 114, 128 S.E. 2d 224; *Stegall v. Sledge, supra; Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Adcox v. Austin,* 235 N.C. 591, 70 S.E. 2d 837.

From the evidence in the instant case the jury may infer, among other things, that defendant Chappell was at the time of the accident operating the automobile at a speed greater than was reasonable and prudent under the circumstances then prevailing, and did not have the automobile under reasonable control, and that such conduct was a proximate cause of Yates' injury and death. The road was dry, there was no other traffic, no glaring lights facing Chappell. There is no evidence of any object in or imperfection of the highway, of any mechanical failure of the car, or of any puncture or blow-out of tires. There were no tire or skid marks on the highway indicating application of brakes. The violence of the impact and the severity of injury and damage to the car, the bridge, and the occupants of the car clearly permit an inference of excessive speed. The position of the car and the other facts and circumstances indicate loss of control. If other and contrary inferences may be drawn, the interpretation of the facts is for the jury. *Jernigan v. Jernigan,* 236 N.C. 430, 72 S.E. 2d 912; *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793. A case may not be withdrawn from the jury unless the only reasonable inference that can be drawn from the evidence is that there was no negligence on the part of defendant, or that his negligence was not a proximate cause of the injury. *Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762. Judgment

of involuntary nonsuit was upheld in *Ivey v. Rollins, supra.* The facts of that case are in many particulars similar to the facts in the instant case. But *Ivey* is distinguishable because the evidence expressly negatives speed and tends to show a complete absence of negligence or rather a lack of evidence of negligence. The principles involved in the instant case are in keeping with those applied in *Lane v. Dorney, supra;* *Whaley v. Marshburn,* 262 N.C. 623, 138 S.E. 2d 291.

The judgment below is

Reversed.