WILLIAM A. PRIVETTE v. HAROLD BRYON CLEMMONS AND IDA M. CLEMMONS.

(Filed 1 December, 1965.)

Automobiles § 41a—

Evidence tending to show merely that plaintiff, while a passenger in a car, fell asleep, and that he awoke when the car ran onto the right-hand shoulder of the road at a straight and level place, went some 20 yards and hit a ditch, causing the injuries in suit, *held* insufficient to overrule nonsuit.

APPEAL by plaintiff from *Bickett, J.,* February 1965 Civil Session of BRUNSWICK.

Action to recover damages for personal injuries suffered by plaintiff in an automobile accident. The accident occurred 6 September 1963 on North Carolina Highway 211, about 6 miles east of the town of Supply in Brunswick County. Plaintiff was a passenger in a car

owned by defendant Ida M. Clemmons and operated by defendant Harold Bryon Clemmons.

Plaintiff's evidence discloses these facts: Plaintiff was in Southport and asked male defendant for a ride to Supply. They left Southport about 8:00 P.M. Male defendant was driving and plaintiff was in the front seat on the right-hand side; they were the only occupants of the car. Plaintiff fell asleep en route and awoke when the car ran onto the right-hand shoulder of the road. The car "went about 20 to 25 yards, something like that before it ever hit the ditch. It went 23 steps after it hit the ditch." Plaintiff's right arm was broken and he was carried to a hospital. The weather was fair. The road was straight and level at the place of the accident; the hardsurface was 18 feet wide, and the shoulder 4 feet wide. The shoulder "had been raked up" and was soft. Before plaintiff fell asleep the car "was running along at moderate speed; around the speed limit" (55 miles per hour).

Plaintiff alleges he was injured by male defendant's negligence, consisting of reckless driving, driving at a speed greater than was reasonable and prudent under the circumstances, failure to maintain a reasonable lookout, failure to keep the vehicle under proper control, failure to decrease speed, and failure to heed signs "warning of hazardous conditions."

At the close of plaintiff's evidence, the court allowed defendants' motion for nonsuit.

*Sullivan and Horne for plaintiff.*
*James, James & Crossley for defendants.*

PER CURIAM. The motion for nonsuit was properly allowed. The evidence utterly fails to support the specifications of negligence set out in the complaint. And there is no showing that the accident was caused by any negligence of defendants. See *Fuller v. Fuller,* 253 N.C. 288, 116 S.E. 2d 776; *Ivey v. Rollins,* 250 N.C. 89, 108 S.E. 2d 63.

Affirmed.