CARSON R. BAREFOOT, ADMINISTRATOR OF LLOYD RAY BAREFOOT, DE-CEASED, v. FELTON HOLMES.

(Filed 4 May, 1966.)

**Automobiles § 41p—**

Evidence that defendant was seen driving the vehicle in question shortly before the vehicle left the highway because of reckless driving and excessive speed, and that shortly after the wreck defendant was aided out of the driver's seat, *held* sufficient to be submitted to the jury on the issue of the identity of defendant as the driver at the time of the accident.

MOORE, J., not sitting.

APPEAL by plaintiff from *Hubbard, J.,* August 31 Civil Session 1964 of JOHNSTON was not perfected. *Certiorari* allowed 14 December 1965.

This is a civil action to recover for the wrongful death of plaintiff's intestate.

Plaintiff alleges in his complaint that on 10 March 1961, about 7 P.M., his intestate was riding as a guest passenger on the back seat of a 1950 Oldsmobile sedan, owned by James Charles Beasley and driven by defendant Felton Holmes on Highway 242 approximately six miles east of Benson, North Carolina.

The only occupants of the car at the time complained of were the plaintiff's intestate, Lloyd Ray Barefoot, James Charles Beasley and the defendant Felton Holmes.

The plaintiff alleges that the defendant operated the Oldsmobile at a high, dangerous and unlawful rate of speed, in a careless and negligent manner, and caused said vehicle to leave the highway, travel approximately 375 feet off the paved portion of the highway on the north side of the road, jump a ditch and collide with great

force against a tree 12 feet from the shoulder of the highway; that the death of his intestate was proximately caused by the negligence of defendant in driving the automobile at an excessive and unlawful rate of speed and in a reckless and careless manner.

The defendant in his answer denied that he was driving the automobile at the time alleged.

Shelton Barefoot, who was not related to Lloyd Ray Barefoot, testified: "I saw Lloyd Ray Barefoot, Felton Holmes and J. C. Beasley, at almost dark, dusk dark, on March 10, 1961 * * * I saw them around 7 or 7:30 P.M. on that day. I was living with my father at that time and heard a noise; I came out of the house and was standing in the yard. My father lives on Highway 242 about 4 or 5 miles south of Benson. * * * The noise of skidding tires is what attracted my attention to the car. * * * The car was approximately a quarter of a mile from me then. * * * It went off the road, then it went back across the road and hit a tree. * * * I would say the car slid approximately 300 or 400 feet up the road from where it hit the tree. * * * I went to the car. When I got there, J. C. Beasley, Felton Holmes and Lloyd Ray Barefoot were there. J. C. Beasley was in the right front * * *. He was next to the right door. Felton Holmes was next to him. The first time I saw Felton * * * he was not unconscious but he was still in the car, and I opened the left front door. Felton got out almost on his own with maybe just a hand from me. At that time I did not know Lloyd Ray Barefoot was in the car. * * * Felton said something about it, and we looked in the back seat and he was in the back seat. * * * Lloyd Ray's head was right at the point of the car where it contacted the tree. He was sitting penned up into that damaged area of the car. * * * Beasley was not conscious when I got there."

D. Gardner Johnson testified that he was traveling on Highway 242 and met and passed Felton Holmes driving the Oldsmobile only 400 or 500 yards from where the wreck occurred. "I was traveling in the opposite direction from the direction he was traveling. Felton Holmes was driving the Oldsmobile car at the time I met him." This witness further testified the wreck occurred a short while before dark on March 10, 1961.

At the close of the plaintiff's evidence the court below sustained the defendants' motion for judgment as of nonsuit. Plaintiff appeals, assigning error.

*Joseph H. Levinson for plaintiff appellant.*

*Teague, Johnson and Patterson, Robert M. Clay and Bob W. Bowers for defendants, appellees.*

PER CURIAM. The appellant assigns as error the ruling of the court below in sustaining the defendants' motion for judgment as of nonsuit.

In our opinion, when the plaintiff's evidence is considered in the light most favorable to plaintiff, as it must be on a motion for judgment as of nonsuit, it is sufficient to take the case to the jury, and we so hold. *Bridges v. Graham,* 246 N.C. 371, 98 S.E. 2d 492; *Thomas v. Morgan,* 262 N.C. 292, 136 S.E. 2d 700; *Randall v. Rogers,* 262 N.C. 544, 138 S.E. 2d 248. See also *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33.

In accord with the policy of this Court, since there must be a new trial we will not discuss or attempt to analyze the evidence. The judgment of the court below is

Reversed.

MOORE, J., not sitting.