SARAH JORDAN, ADMINISTRATRIX OF THE ESTATE OF BOBBY GENE HAR-
RELL, DECEASED v. THOMAS WILLIAMS, JR., AND THOMAS WIL-
LIAMS, SR., AND SARAH BOND JORDAN, ADDITIONAL DEFENDANT

No. 696SC459

(Filed 17 December 1969)

**1. Automobiles § 47— physical facts at accident scene**

Physical facts at the scene of an accident may speak louder than the
testimony of witnesses, and the interpretation of the physical facts is
ordinarily the province of the jury.

**2. Automobiles § 58— negligence in making U-turn — sufficiency of
evidence**

In this wrongful death action, plaintiff's evidence *is held* sufficient to
be submitted to the jury on the issue of defendant's negligence in making
a U-turn in front of the automobile driven by plaintiff's intestate.

**3. Witnesses § 4— impeachment of party's own witness — contradic-
tion of such witness**

While a party may not impeach his own witness, he may contradict such
a witness by showing that the witness has previously made a contradic-
tory statement or that the physical facts do not permit the inference that
the occurrence in question happened as the witness said it did.

**4. Witnesses § 4— contradiction of party's own witness**

In this wrongful death action, the trial court did not err in permitting
plaintiff to question plaintiff's witness, whose testimony was favorable
to defendant, as to how he had answered certain questions at a previous
hearing, since plaintiff was attempting to contradict the witness rather
than impeach him.

APPEAL by defendants from *Bundy, J.,* May 1969 Session, BERTIE
Superior Court.

Action for damages for the death of Bobby Gene Harrell (Har-
rell) in an automobile wreck which occurred on Highway No. 350,
3 miles west of Colerain, about 8:00 p.m. on 9 February 1968. The
weather was clear, the highway dry, hard-surfaced and approxi-
mately 22 feet in width. The highway was straight and level for
several hundred yards west of the point of collision. There were two
vehicles involved, a 1967 Corvair automobile owned by Sarah Bond
Jordan and driven at the time by her son-in-law, Harrell, who was
alone in the automobile, and a 1960 Chevrolet automobile owned by
the defendant, Thomas Williams, Sr., and driven at the time by his
son, Thomas Williams, Jr. It was admitted in the pleadings that
Williams, Jr., was driving the 1960 Chevrolet automobile under such
circumstances as to make his father responsible.

Both vehicles prior to the collision were proceeding in an east-

erly direction. The Williams automobile was in front, and according to the contentions of the plaintiff, pulled over to the shoulder of the road on the south side and then turned back on the highway in an effort to make a U-turn and go back to the west. While the Williams automobile was making this maneuver the Harrell automobile struck the Williams automobile on the left front fender and then proceeded beyond the Williams automobile and came to rest off the hard surface and to the north of the highway. Harrell was removed unconscious from the automobile and died shortly thereafter without regaining consciousness.

The plaintiff contended that the defendants were negligent in making a U-turn in front of Harrell. The defendants denied negligence and alleged contributory negligence on the part of Harrell in that he was operating at an excessive rate of speed, not maintaining a proper lookout and failing to keep his vehicle under proper control. The defendants denied that the Williams vehicle ever started a U-turn but to the contrary had pulled off the highway onto the southerly shoulder thereof and was completely off the highway and motionless when it was struck by the Harrell vehicle. The defendants filed a cross action for property damage to the Williams Chevrolet automobile and for personal injuries received by Williams, Jr.

The jury returned a verdict for the plaintiff and awarded $10,000 damages. The defendants appealed assigning as error the refusal of the motion for judgment as of nonsuit at the close of all of the evidence and for failure of the trial court to exclude certain evidence.

*Pritchett, Cooke and Burch by J. A. Pritchett for defendant appellants.*

*Jones, Jones and Jones by Joseph J. Flythe for plaintiff appellee.*

CAMPBELL, J.

[1, 2]    On a motion for judgment as of nonsuit the evidence is viewed in the light most favorable to the plaintiff. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969). When so viewed the evidence is susceptible to the interpretation that the actual collision occurred on the hard surface of the highway. It was open country and the maximum speed limit was 60 m.p.h. Debris was scattered all over the highway. The Williams automobile came to rest with the front end headed in a northerly direction at the center line of the highway, and the rear end was towards the southerly edge of the highway. This would be some evidence that the Williams vehicle was in the process of making a U-turn and Williams, Jr., told the

investigating highway patrolman that he intended to make a U-turn and go back towards Ahoskie. "Physical facts at the scene of an accident may speak louder than the testimony of witnesses. The interpretation of the physical facts is ordinarily the province of the jury." *Funeral Home v. Pride,* 261 N.C. 723, 136 S.E. 2d 120 (1964). Williams, Jr., denied that he had commenced making the U-turn and claimed that his automobile was standing motionless and completely off the hard surface of the highway on the shoulder on the south side.

We are of the opinion that the evidence when taken in the light most favorable to the plaintiff presented a jury question as to the factual situation, and the trial court correctly permitted the jury to determine the disputed facts. No exception was taken to the charge, and therefore it is presumed that the judge correctly instructed the jury as to the law involved and correctly applied the law to the facts in the case. The determination of the true facts was for the jury.

The second question presented by the appellants is that the trial court erred in permitting the plaintiff to question a witness Perry as to how he had answered certain questions on a previous hearing.

[3, 4]   The witness Perry had been a passenger in the Williams automobile. He was called as a witness for the plaintiff and testified that Williams had driven onto the shoulder of the road and immediately was hit by the Harrell automobile; that Williams did not make any turn to the left and was completely off the pavement when hit. Counsel for plaintiff then proceeded to ask the witness if he had not testified at a previous hearing of this matter. Apparently, counsel for plaintiff was attempting to show that the witness Perry had on a previous occasion testified that Williams drove the 1960 Chevrolet automobile onto the highway into the position where it was found after the collision. The record is not clear as to just exactly what was sought to be elicited from this witness. Whatever it was, the defendants assert that it was error to permit such questions as it constituted improper impeachment by the plaintiff of the plaintiff's own witness. While a party may not impeach his own witness, he may contradict such a witness by showing that the witness has previously made a contradictory statement or that the physical facts do not permit the inference that the occurrence in question happened as the witness said it did. In the instant case, we find that the plaintiff here was attempting to contradict the witness Perry rather than

impeach him. Stansbury, N.C. Evidence 2d, § 40, p. 79. Likewise, see *Funeral Home v. Pride, supra.*

In the instant case we find no error in the trial.

Affirmed.

PARKER and GRAHAM, JJ., concur.