STATE OF NORTH CAROLINA v. WILLIAM F. BURBANK

No. 8228SC345

(Filed 16 November 1982)

1. **Criminal Law § 80— document used to illustrate testimony without being admitted into evidence—no prejudicial error**

    In a prosecution for driving while his operator's license was revoked in violation of G.S. 20-28, the district attorney erred in showing his I.D. card to a defense witness and using it to illustrate or clarify testimony without admitting the I.D. into evidence. However, the error was not prejudicial as (1) there was other competent evidence of defendant's guilt adduced at trial on which the jury could base its verdict, and (2) the evidence elicited by the State that the defendant complained of was helpful to his case.

State v. Burbank

**2. Criminal Law § 114— no duty of judge to state he has no opinion in case**

    Neither former G.S. 1-180 nor its successor, G.S. 15A-1232, has ever been construed to impose a duty on the trial court to tell the jury that it has no opinion in the case.

**3. Criminal Law § 138.11— appeal de novo—more severe sentence**

    There was no merit to defendant's argument that his sentence imposed by the superior court on his *de novo* appeal had a chilling effect on his right to appeal and right to a trial by jury since on a *de novo* appeal from the district court to the superior court, the possibility of a more severe sentence being imposed is a risk inherent to this type of review.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 5 November 1981 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 October 1982.

On 9 April 1981, the defendant was arrested by Trooper Gary Robinson of the North Carolina Highway Patrol for driving while his operator's license was revoked, in violation of N.C. Gen. Stat. § 20-28 (1981). He was found guilty in District Court and appealed to the Superior Court. From a verdict of guilty, a judgment imposing a fine of $500 and costs, and a sentence of 2 years, 23 months of which was suspended, defendant appeals to this Court.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Riddle, Shackleford & Hyler, P.A., by George B. Hyler, Jr., for defendant appellant.*

BECTON, Judge.

The defendant brings forth five assignments of error and makes three arguments on appeal.

I

[1] Defendant first argues that the outcome of his trial was adversely affected by the District Attorney's examination of a defense witness concerning his (the District Attorney's) I.D. card which was not in evidence at the time; by the exhibition of the card to the jury during the trial; and by his showing the card to the jury during final argument.

Generally, documents must be admitted into evidence before they can be used to illustrate or clarify testimony. *See State v. Rich*, 13 N.C. App. 60, 63, 185 S.E. 2d 288, 291 (1971); N.C. Gen. Stat. § 15A-1233 (1978). The trial court erred when it allowed the following colloquy and exhibition of the I.D. over defendant's objection:

Q. I want to show you something. This is my State I.D. I would like for you to look at this picture. Do you see the glasses on my face, the same glasses?

A. I suppose they are.

Q. Do you see that bright reflection?

. . .

Q. It's very bright, isn't it, very shiney [sic]?

A. Seems to be.

. . .

Q. Can you see my face through those glasses in this photo?

. . .

A. I can see a portion of your eyes behind the glasses?

Q. It's blocked out by the glare, though, isn't it?

A. Yeah.

Q. Do you agree that light reflecting off glass or a glassy surface such as sunlight or the light in the room such as this can affect being able to see through glass?

A. Yes, as far as I know.

However, we will not disturb a judgment for error below unless that error is harmful or prejudicial resulting in the denial of a substantial right. *Whaley v. Marshburn*, 262 N.C. 623, 138 S.E. 2d 291 (1964). We find the error to have had no adverse effect on the jury's decision for two reasons.

First, there was other, competent evidence of defendant's guilt adduced at trial by the State on which the jury could base its verdict of guilty. Second, the evidence elicited by the State that the defendant complains of was helpful, not detrimental, to

his case. The witness testified that light being reflected off glass or a window affects one's ability to see through it. Since the trooper's opportunity to observe was a key issue at trial, evidence tending to show that the trooper was mistaken bolstered defendant's cause. We are not convinced that defendant was prejudiced by this error.

## II

[2]  Next, defendant contends that the trial court had a duty to tell the jury that it had no opinion in the case. N.C. Gen. Stat. § 15A-1232 (1978) requires:

> In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. He must not express an opinion whether a fact has been proved.

We agree that the trial court is, and should be, prohibited from divulging its opinion of the evidence or case of either party to the jury. However, our research discloses no requirement that the court affirmatively state to the jury that it has no opinion; rather, its duty is scrupulously to avoid stating, intimating, or in any other manner revealing its opinion to the jury. N.C. Gen. Stat. § 1-180, *repealed by* N.C. Gen. Stat. § 15A-1232 (1978). Neither former G.S. § 1-180 nor its successor, G.S. § 15A-1232, has ever been construed to impose the requirement on the trial court that defendant urges today. While it may be the better practice for the trial court to affirmatively state, "I have no opinion," or words of similar meaning, to the jury, we find no such duty imposed by G.S. § 15A-1232. This argument, too, is without merit.

## III

[3]  Defendant's final argument is that the sentence imposed by the superior court on his *de novo* appeal, because of its increased severity, had a chilling effect on his right to appeal and right to trial by jury. This argument is also unpersuasive. He cites N.C. Gen. Stat. § 15A-1335 (1978) as support for his assertion that a court cannot impose a more severe sentence for the same offense on remand from appellate review. That statute is inapposite here since the case *sub judice* concerns a *de novo* appeal from the district court to the superior court. On appeal *de novo*, "the slate

is clean;" the possibility of a more severe sentence being imposed is a risk inherent to this type of review. *State v. Sparrow*, 276 N.C. 499, 508, 173 S.E. 2d 897, 903 (1970).

For the foregoing reasons, we find no prejudicial error in the trial below.

No error.

Judges HEDRICK and WEBB concur.